**Antonio J. VILLALON, Appellant,**

v.

**BANK ONE, Trustee, Appellee.**

No. 01–03–00446–CV.

Court of Appeals of Texas, Houston (1st Dist.).

June 24, 2004.

Antonio J. Villalon, Sugar Land, TX, pro se.

Jerome K. Wade, Austin, for Appellant.

Gary D. Janssen, Sugar Land, TX, J. Allen Smith, Settle & Pou, P.C., Jack O'Boyle, Garth J. Fennegan, Dallas, TX, for Appellee.

Panel consists of Justices NUCHIA, ALCALA, and HIGLEY.

## OPINION

LAURA CARTER HIGLEY, Justice.

This appeal arises from a forcible detainer action initiated in justice court by Bank One, acting as trustee, against Antonio J. Villalon ("Villalon"), after a foreclosure of real property at 4111 Laguna Circle Missouri City, Texas.[1] Villalon appealed the justice court's judgment to county court. Following a de novo bench trial, the county court judge signed a judgment awarding possession of the property to Bank One. Challenging the county court's judgment in this Court, Villalon raises two issues. Villalon contends that (1) he was denied due process because he did not receive notice of the trial setting in the justice court and (2) the provisions of the deed of trust, which establishes the landlord-tenant relationship between Villalon and the bank, cannot be enforced because Bank One's agents did not comply with certain provisions of the federal Fair Debt Collection Practices Act

("FDCPA")[2] in conjunction with the foreclosure action.

We affirm.

## Background

Villalon was the record owner of real property located at 4111 Laguna Circle Missouri City, Texas ("the property"). Villalon became delinquent in paying his mortgage and eventually defaulted on his note. In response, Bank One accelerated the note and foreclosed on the property under a deed of trust. Bank One was the successful bidder at the foreclosure sale. The bank filed a forcible detainer action in justice court, alleging that it was the owner of the property under a substitute trustee's deed and that Villalon refused to vacate the property.

Villalon filed an answer in the justice court alleging, in part, that the deed of trust securing the promissory note on the property could not be enforced because Bank One's collection agents had not complied with certain provisions of the FDCPA. Although he filed an answer, Villalon did not receive notice of the trial setting in justice court. Following a bench trial, the justice court signed a judgment awarding Bank One immediate possession of the property. Villalon appealed the justice court's judgment to the county court by filing a $7,500 bond.

In the county court, Villalon's attorney stipulated on the record to the following: (1) Villalon financed the purchase of the property with a promissory note that was secured by a deed of trust; (2) Bank One foreclosed on the property and was the successful bidder at the foreclosure sale; and (3) the deed of trust provided that Villalon and all other occupants of the

---

**1.** Bank One filed the foreclosure action against Antonio J. Villalon and "and/or all Occupants of 4111 Laguna Circle Missouri City, Texas, 77459."

**2.** *See* 15 U.S.C. §§ 1692–1692o (Law. Co-op.1993 & Supp.2003).

property became tenants in sufferance following a foreclosure sale. Despite these stipulations, Villalon also requested the county court to dismiss Bank One's forcible detainer action on the basis that he had a constitutional right to notice of the trial setting in the justice court. Bank One responded that any "error" that occurred relating to Villalon's lack of notice of the justice court trial setting was cured by the trial de novo Villalon received in the county court.

Villalon also reasserted his defense that the deed of trust could not be enforced because, in pursuing the foreclosure action, the bank's agents had not complied with certain provisions the FDCPA. Bank One responded that Villalon's FDCPA defense related to whether Bank One had proper title to the property—an issue that neither the justice court nor the county court had jurisdiction to decide in a forcible detainer action. The county court agreed that it was without authority to decide title issues. Based on the stipulated facts and evidence presented, the county court judge signed a judgment awarding Bank One possession of the property. Villalon appeals the county court judgment in this Court.

### No Notice of Trial Setting in Justice Court

██ In his first issue, Villalon contends that the trial court erred in failing to dismiss Bank One's forcible detainer action "when it found out that Villalon had not received notice of the trial setting in the justice court." Villalon asserts that the justice court's judgment was void because he had not received notice of the trial setting. Villalon further asserts that "the County Court had no jurisdiction to hear Bank One's suit since its authority is based on the appeal of a valid judgment from the Justice Court." Under this point, Villalon

also contends that the de novo trial he received in the county court did not ameliorate the violation of his due process rights.

██ Undoubtedly, the appellate jurisdiction of a statutory county court is confined to the jurisdictional limits of the justice court, and the county court has no jurisdiction over an appeal unless the justice court had jurisdiction. *See Aguilar v. Weber*, 72 S.W.3d 729, 731 (Tex.App.-Waco 2002, no pet.). When appeal is taken from a void judgment, the appellate court must declare the judgment void. *See Fulton v. Finch*, 162 Tex. 351, 346 S.W.2d 823, 827 (1961); *Dallas County v. Sweitzer*, 971 S.W.2d 629, 630 (Tex.App.-Dallas 1998, no writ). Because the appellate court may not address the merits in such instances, it must set aside the trial court's judgment and dismiss the appeal. *See Mellon Serv. Co. v. Touche Ross & Co.*, 946 S.W.2d 862, 864 (Tex.App.-Houston [14th Dist.] 1997, no writ).

██ However, in this matter the justice court's judgment was not "void," as Villalon claims. A judgment is void only when it is apparent that the court rendering the judgment had no jurisdiction of the parties, no jurisdiction of the subject matter, no jurisdiction to enter the judgment, or no capacity to act as a court. *Mapco, Inc. v. Forrest*, 795 S.W.2d 700, 702 (Tex. 1990). Unlike the requirements for service of citation, strict compliance with the rules governing notice of a trial setting is not necessary to the trial court's jurisdiction. *See Prihoda v. Marek*, 797 S.W.2d 170, 171 (Tex.App.-Corpus Christi 1990, writ denied). Here, it is undisputed that Villalon received service of citation and answered in the justice court. Thus, the justice court's judgment was not void as claimed by Villalon.

██ Moreover, it is well-settled that perfection of an appeal to county court from a justice court for trial de novo va-

cates and annuls the judgment of the justice court. *See Mullins v. Coussons,* 745 S.W.2d 50, 50 (Tex.App.-Houston [14th Dist.] 1987, no writ); *Poole v. Goode,* 442 S.W.2d 810, 812 (Tex.Civ.App.-Houston [14th Dist.] 1969, writ ref'd, n.r.e.). Once a county court acquires jurisdiction by perfection of an appeal from justice court, the rules of procedure permit only that the county court try the case de novo or dismiss it if it is not prosecuted. *Hall v. McKee,* 179 S.W.2d 590, 593 (Tex.App.-Fort Worth 1944, no writ). A county court cannot affirm or reverse the judgment of the justice court nor can it remand the cause to the justice court. *Id.* Thus, it logically follows that, absent an agreement of the parties, the county court in this case was also without authority to dismiss the forcible detainer action based on any violation of Villalon's due process rights for lack of notice of the justice court's trial setting.

Under the facts of this case and the applicable law, we hold that the county court properly refused to dismiss Bank One's forcible detainer action based on Villalon's claim that he was denied due process.

We overrule point of error one.

## FDCPA Violation

In point of error two, Villalon contends that the county court erred "in not dismissing Bank One's suit when Villalon introduced undisputed evidence that Bank One's debt collectors had not complied with" the provisions of the FDCPA that require debt collectors to verify certain information related to a disputed debt. *See* 15 U.S.C. § 1692g(a),(b). Villalon asserts that the foreclosure of the property was wrongful because Bank One had not complied with the cited FDCPA provisions. Because the foreclosure was wrongful, Villalon argues, the provision of the deed of trust providing that Villalon

became a tenant at sufferance following foreclosure was not enforceable. Without that provision, Villalon contends, Bank One could not show that a landlord-tenant relationship existed between the parties—an element necessary to a successful forcible detainer action.

To preserve the simplicity and speedy nature of the remedy of forcible detainer, the applicable rule of civil procedure provides as follows: "[T]he only issue shall be as to the right to actual possession; and the merits of the title shall not be adjudicated." Tex.R. Civ. P. 746. Thus, the sole issue in a forcible detainer action is who has the right to immediate possession of the premises. *Ward v. Malone,* 115 S.W.3d 267, 270 (Tex.App.-Corpus Christi 2003, pet. denied). To prevail in a forcible detainer action, a plaintiff is not required to prove title but is only required to show sufficient evidence of ownership to demonstrate a superior right to immediate possession. *Rice v. Pinney,* 51 S.W.3d 705, 709 (Tex.App.-Dallas 2001, no pet.). If the question of title is so intertwined with the issue of possession, then possession may not be adjudicated without first determining title. *Dormady v. Dinero Land & Cattle Co.,* 61 S.W.3d 555, 557 (Tex.App.-San Antonio 2001, pet. dism'd). In a case involving a genuine issue of title, neither the justice court nor the county court on appeal has jurisdiction. *Rice,* 51 S.W.3d at 709; *Haith v. Drake,* 596 S.W.2d 194, 196 (Tex.Civ.App.-Houston [1st Dist.] 1980, writ ref'd n.r.e.).

Because a forcible detainer action is not exclusive, but cumulative, of any other remedy that a party may have in the courts of this state, the displaced party is entitled to bring a separate suit in the district court to determine the question of title. *Scott v. Hewitt,* 127 Tex. 31, 90 S.W.2d 816, 818–19 (1936); *Dormady,* 61 S.W.3d at 558; *Rice,* 51 S.W.3d at 709. Forcible detainer actions in justice courts

may be brought and prosecuted concurrently with suits to try title in district court. *Dormady*, 61 S.W.3d at 558; *Rice*, 51 S.W.3d at 709; *Haith*, 596 S.W.2d at 196.

In the county court, Bank One established that it is the owner of the property by virtue of a deed from the substitute trustee following the foreclosure sale. The landlord-tenant relationship between Bank One and Villalon was established in the deed of trust. The landlord-tenant relationship established in the deed of trust provided a basis for the county court to determine that Bank One had the right to immediate possession without resolving whether Bank One wrongfully foreclosed on the property, an issue relating directly to who has title to the property. Villalon has the right to sue in district court to determine whether Bank One's deed should be cancelled because of wrongful foreclosure.[3] *See Dormady*, 61 S.W.3d at 559; *Martinez v. Beasley*, 572 S.W.2d 83, 85 (Tex.Civ.App.-Corpus Christi 1978, no writ). Such determination is independent of the county court's determination in the forcible detainer action that Bank One is entitled to immediate possession of the property. *See Dormady*, 61 S.W.3d at 559; *Martinez*, 572 S.W.2d at 85. We hold that the county court properly refused to dismiss the forcible detainer action on the basis that Bank One's agents had not complied with the FDCPA.

We overrule Villalon's point of error two.

### Conclusion

We affirm the judgment of the trial court.

---

**3.** Indeed, the record reflects that Villalon filed suit in district court on this very basis.