Opinion issued November 6, 2008 










 






In The

Court of Appeals

For The

First District of Texas






NO. 01-08-00270-CV

____________


DANIEL CRAMER and SAEJIN CRAMER, Appellants


V.


STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,
Appellee






On Appeal from the County Court at Law No. 1

McLennan County, Texas

Trial Court Cause No. 20071937CV1






MEMORANDUM OPINION

 Appellants, Daniel and Saejin Cramer, challenge the trial court's default
judgment entered against them in favor of appellee, State Farm Mutual Insurance
Company ("State Farm"), (1) in State Farm's suit for damages based on a double
payment made to the Cramers on an insurance claim. In their sole issue, the Cramers
contend that the trial court erred in denying their motion to transfer venue.

 We reverse and remand.

Procedural Background

 On March 20, 2007, State Farm filed suit against the Cramers in McLennan
County's Justice of the Peace Court, Precinct 1, Place 2, to recover a double payment
of $3,148.65 that State Farm mistakenly paid to the Cramers. The Cramers filed a
motion to transfer venue from McLennan County to Dallas County, which the justice
court denied. See Tex. R. Civ. P. 527. After the justice court entered judgment in
State Farm's favor, the Cramers appealed the justice court's judgment to County
Court at Law No. 1 in McLennan County. 

 In the county court, the Cramers again filed a motion to transfer venue from
McLennan County to Dallas County. The Cramers attached to their motion their
affidavits. In his affidavit, Daniel Cramer testified that he lived in Dallas County and
that "the events giving rise to this claim occurred in Dallas County." In her affidavit,
Saejin Cramer testified that she lived in Tarrant County and that "the events giving
rise to this claim occurred in Dallas County." In its reply to the motion, State Farm
argued that the Cramers could not file a motion to transfer venue in the county court
because they had previously filed a motion to transfer venue in the justice court.

 At the county court's hearing on the Cramers' motion to transfer venue, State
Farm specifically argued,

 I can't find any cases in the State of Texas that allow Defendants to have
two shots at a Motion to Transfer Venue. Even though it is de novo, I
think that the venue issue has already been litigated. It's already been
decided. They had their one bite at the apple. The rules are pretty clear. 
Rule 87(5) states that you basically get one shot at venue. They have
had their shot.

The Cramers responded that Texas Rule of Civil Procedure 87(5) did not apply
because their appeal of the justice court's judgment was to be considered de novo. 
Moreover, the Cramers contended that State Farm had neither established that venue
was proper in McLennan County nor controverted the Cramers' venue facts. 

 At the conclusion of the hearing, the county court denied the Cramers' motion,
stating:

 The Court has determined that the defendant had previously filed a
Motion to Transfer Venue in the Justice of the Peace Court, Precinct 1,
Place 2, which had previously been denied. After reviewing the
pleadings on file and hearing the arguments of counsel, this Court has
determined that the Defendant's Amended Motion to Transfer Venue
should be denied.

On February 27, 2008, after the Cramers did not appear for trial, the trial court signed
a default judgment in favor of State Farm. 

Motion to Transfer Venue

 In their sole issue, the Cramers argue that the county court erred in denying
their motion to transfer venue because the Cramers do not live in McLennan County,
none of the underlying events took place in McLennan County, State Farm did not
deny the venue facts supporting venue in Dallas County, State Farm did not file an
affidavit establishing venue in McLennan County, and the county
court--disregarding clear precedent from the Supreme Court of Texas--erroneously
concluded that the Cramers could not file a motion to transfer venue in the county
court.

 We conduct a de novo review of the entire record in order to determine whether
venue was proper. Tex. Civ. Prac. & Rem. Code Ann. § 15.064(b) (Vernon 2002);
Wilson v. Tex. Parks & Wildlife Dep't, 886 S.W.2d 259, 261-62 (Tex. 1994). If there
is any probative evidence in the record that venue was proper, we must uphold a trial
court's determination on the matter of venue. Bonham State Bank v. Beadle, 907
S.W.2d 465, 471 (Tex. 1995). 

 A plaintiff chooses venue by deciding where to file a lawsuit. In re Team
Rocket, 256 S.W.3d 257, 259 (Tex. 2008). When a defendant challenges the
plaintiff's choice of venue, the plaintiff has the burden to present prima facie proof
that venue is maintainable in the county of suit. Tex. R. Civ. P. 87(2)(a), 3(a). Venue
facts are proven through pleadings, joint stipulations, and affidavits. Tex. Civ. Prac.
& Rem. Code Ann. § 15.064 (Vernon 2002); Tex. R. Civ. P. 87(3)(a). If the plaintiff
proves venue facts that support venue, the trial court must maintain the lawsuit in the
county where it was filed unless the motion to transfer is based on "grounds that an
impartial trial cannot be had in the county where the action is pending as provided in
Rules 257-259 or on an established ground of mandatory venue." Tex. R. Civ. P.
87(3)(c). However, if the plaintiff does not meet this burden, the trial court "shall
transfer an action to another county of proper venue." Tex. Civ. Prac. & Rem. Code
Ann. § 15.063 (Vernon 2002) (emphasis added). The only remedy available to
challenge a venue ruling is to "appeal any judgment from that court on the basis of
the alleged error in the venue ruling." Team Rocket, 256 S.W.3d at 261 (citing Tex.
Civ. Prac. & Rem. Code Ann. § 15.064(b)).

 Here, the Cramers challenged venue in McLennan County and established, by
their affidavits, that venue is proper in Dallas County because "all actions underlying
this case occurred in Dallas County and [one of the defendants] lives in Dallas
County." See Tex. Civ. Prac. & Rem. Code Ann. § 15.002 (Vernon 2002) ("[A]ll
lawsuits shall be brought . . . in the county in which all or a substantial part of the
events or omissions giving rise to the claim occurred . . . [or] in the county of
defendant's residence."). At no point in the county court proceedings did State Farm
show that venue was proper in McLennan County. See Tex. R. Civ. P. 87(2)(a) ("A
party who seeks to maintain venue of the action in a particular county . . . has the
burden to make proof . . . that venue is maintainable in the county of suit."). 

 Rather than present the county court with facts supporting venue in McLennan
County, State Farm argued that the Cramers' motion to transfer venue should be
denied because they had already filed a motion to transfer venue in the justice court. 
In support of its argument, State Farm relied on Rule 87(5) as applied by this court
in Dorchester Master Ltd. P'ship v. Anthony, 734 S.W.2d 151, 152 (Tex.
App.--Houston [1st Dist.] 1987, no pet.). Rule 87(5) provides:

 Motion for Rehearing. If venue has been sustained as against a
motion to transfer, or if an action has been transferred to a proper
county in response to a motion to transfer, then no further motions to
transfer shall be considered regardless of whether the movant was a
party to the prior proceedings or was added as a party subsequent to the
venue proceedings, unless the motion to transfer is based on the grounds
that an impartial trial cannot be had under Rules 257-259 or on the
ground of mandatory venue, provided that such claim was not available
to the other movant or movants.

Tex. R. Civ. P. 87(5) (emphasis added); see Team Rocket, 256 S.W.3d at 260 (stating
that plaintiffs may not relitigate venue determination by nonsuiting and refiling
because decision on the merits binds parties even if case is nonsuited and refiled).

 Rule 87(5) and our holding in Dorchester do not apply here because the
Cramers were appealing the justice court's judgment to the county court, which was
to consider the matter de novo. A justice court's determination of fact or law "is not
res judicata and does not constitute the basis for estoppel by judgment in a proceeding
in a county court." Tex. Civ. Prac. & Rem. Code Ann. § 31.005 (Vernon 2008). 
Appeals from justice courts, unlike other appeals, are tried de novo. Tex. R. Civ. P.
574b. In a trial de novo, the county court is not bound by the justice court's decisions
on the merits. Villalon v. Bank One, 176 S.W.3d 66, 69-70 (Tex. App.--Houston
[1st Dist.] 2004, pet. denied). A county court must independently decide the case on
appeal; it cannot "affirm or reverse the judgment of the justice court nor can it remand
the cause to the justice court." Id. Thus, when a justice court's judgment is appealed,
the parties must proceed as though the judgment of the justice court had not been
rendered. Id.; see also Moore v. Jordan, 65 Tex. 395, 395 (1886). Moreover, the
Texas Rules of Civil Procedure provide separate, although partially overlapping, rules
for a motion to transfer venue filed in a justice court. Compare Tex. R. Civ. P.
527-32 with Tex. R. Civ. P. 86.

 Accordingly, we hold that the county court erred in denying the Cramers'
motion to transfer venue and refusing to transfer the case from McLennan County to
Dallas County. 


Conclusion

 We reverse the judgment of the county court and remand this case to the county
court to issue an order transferring this case from McLennan County to Dallas
County.


 


 Terry Jennings

 Justice


Panel consists of Justices Jennings, Hanks, and Bland.
1. State Farm has not filed a brief in this case.