# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-13-00201-CV

**Fred Resendez and Martha Resendez, Appellants**

**v.**

**FV REO I, LLC, Appellee**

### FROM THE COUNTY COURT AT LAW OF BASTROP COUNTY,
### NO. 13-15622, HONORABLE BENTON ESKEW, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellants Fred Resendez and Martha Resendez appeal from the trial court's judgment of possession of certain real property located in Bastrop County (the Property). Appellee FV REO I, LLC (FV REO) has filed a motion to dismiss this appeal for lack of jurisdiction. Because we determine that the appeal is moot, we will grant the motion.

FV REO brought a suit for forcible detainer against Fred Resendez and all occupants of the Property, and following a non-jury trial on the action, the trial court rendered a final judgment of possession in FV REO's favor. Upon request, the trial court entered written findings of fact and conclusions of law. In relevant part, the trial court found that (1) FV REO had obtained the property at a foreclosure sale; (2) the Resendezes, by virtue of the deed of trust, had become tenants-at-sufferance at the time of the foreclosure; and (3) FV REO had made a written demand for possession of the Property. The trial court also found that "[the Resendezes are] no longer in possession of the

[P]roperty." On appeal, the Resendezes do not challenge any of these findings of fact. Instead, the Resendezes assert that FV REO and its related entities wrongfully foreclosed on the Property. The Resendezes also argue that FV REO seized the Property in violation of their due process rights. In its motion to dismiss, FV REO argues that the Resendezes' appeal is now moot because they have voluntarily vacated the property and do not have a potentially meritorious claim of right to current, actual possession of the property.

The forcible detainer action was created by the legislature as a speedy, simple, and inexpensive procedure for obtaining immediate possession of property. *Marshall v. Housing Auth. of the City of San Antonio*, 198 S.W.3d 782, 787 (Tex. 2006).[1] The only issue in a forcible detainer action is the right to actual possession of the premises. Tex. R. Civ. P. 510.3(e); *Marshall*, 198 S.W.3d at 785. To prevail on the action, "the plaintiff is not required to prove title, but is only required to show sufficient evidence of ownership to demonstrate a superior right to immediate possession." *Rice v. Pinney*, 51 S.W.3d 705, 709 (Tex. App.—Dallas 2001, no pet.). An appeal of a judgment in a forcible detainer action becomes moot when the appellant ceases to have actual possession of the property, unless the appellant has "a potentially meritorious claim of right to current, actual possession" of the property. *Marshall*, 198 S.W.3d at 787. In this case, the trial court expressly found that the Resendezes "[are] no longer in actual possession of the property."[2]

---

[1] The statutory remedy of forcible detainer will lie when a person in possession of real property refuses to surrender possession on demand if the person is a tenant at will or by sufferance, "including an occupant at the time of foreclosure of a lien superior to the tenant's lease." *See* Tex. Prop. Code § 24.002(a).

[2] In a bench trial, the trial court's findings of fact have the same weight as a jury's verdict. *See McGalliard v. Kuhlmann*, 722 S.W.2d 694, 696 (Tex. 1986). When, as here, the appellant fails to cause a reporter's record to be filed, we must conclude that the trial court's findings were

Therefore, the issue becomes whether the Resendezes' arguments on appeal establish that they have a potentially meritorious claim of right to current, actual possession.

On appeal, the Resendezes do not dispute that FV REO obtained the Property through foreclosure or that, upon foreclosure, the deed of trust created a landlord and tenant-at-sufferance relationship between them and FV REO—facts that support the trial court's conclusion that FV REO had a right to immediate possession of the Property. Instead, the substance of the Resendezes' appellate arguments is that the underlying foreclosure and sale, through which FV REO obtained title to the Property, was wrongful and invalid. Because the Resendezes' attack on the underlying foreclosure process cannot be resolved in this forcible detainer proceeding, we conclude that they have failed to assert a potentially meritorious right to possession.

A judgment of possession in a forcible detainer action "is not intended to be final determination of whether an eviction is wrongful; rather, it is a determination of the right to immediate possession" *Id*. at 787. Challenges to title cannot be resolved in forcible detainer action and instead must be pursued, if at all, in a separate suit. *See* Tex. R. Civ. P. 510(3) ("only issue" in eviction is "right to actual possession and not title"); *see also Schlichting v. Lehman Bros. Bank FSB*, 346 S.W.3d 196, 199 (Tex. App.—Dallas 2011, pet. dism'd) ("[D]efects [in the foreclosure process

---

supported by evidence at trial. *See Traveler's Indem. Co. of R.I. v. Starkey,* 157 S.W.3d 899, 904-05 (Tex. App.—Dallas, 2005, pet. denied) ("When we are confronted with an incomplete record, we presume the evidence supports the trial court's findings of fact."); *Approximately $1,013.00 v. State*, No. 14-10-01255-CV, 2011 WL 5998318, at *3 (Tex. App.—Houston [14th Dist.] Dec. 1, 2011, no pet.) (mem. op.) ("[B]ecause appellants failed to file a reporter's record, we must conclude that all findings made by the trial court were supported by evidence at the hearing."). As a result, the trial court's findings are binding on this court. *See McGalliard*, 722 S.W.2d at 696 (unchallenged findings are binding on appellate court unless contrary is established as a matter of law or there is no evidence to support finding).

or with the purchaser's title] must be pursued, if at all, in a separate suit for wrongful foreclosure or to set aside the substitute trustee's deed."). Challenges to the foreclosure process directly implicate title and also may not be considered in a forcible detainer action. *See Schlichting*, 346 S.W.3d at 199 (noting that "any defects in the foreclosure process or with the purchaser's title to the property may not be considered in forcible detainer action"). Moreover, once FV REO demonstrated its landlord and tenant-at-sufferance relationship with the Resendezes, the trial court could independently determine the issue of immediate possession, notwithstanding any claim of wrongful foreclosure. *See id*. at 199-200 ("Where a foreclosure pursuant to a deed of trust establishes a landlord and tenant-at-sufferance relationship between the parties, the trial court has an independent basis to determine the issue of immediate possession without resolving the issue of title to the property."); *Villalon v. Bank One*, 176 S.W.3d 66, 71 (Tex. App.—Houston [1st Dist.] 2004, pet. denied) (noting that determination of wrongful foreclosure was independent of determination of right to immediate possession); *Campbell v. Wells Fargo Bank, N.A.*, No. 03-12-00007-CV, 2013 WL 6805590, at *3 (Tex. App.—Austin Dec. 20, 2013, no pet. h.) (mem. op.) (concluding that because bank had demonstrated landlord and tenant-at-sufferance relationship following foreclosure, "it was not necessary to resolve a title dispute to determine the right of immediate possession").

The Resendezes no longer have actual possession of the Property and have failed to demonstrate that they have a potentially meritorious claim of right to current, actual possession of the Property. *See Marshall*, 198 S.W.3d at 787. As a result, there is no longer a live controversy concerning possession for this Court decide, and the appeal is moot. *See id*. Accordingly, we grant appellee's motion and dismiss the appeal as moot. *See* Tex. R. App. P. 42.3(a).

4

_____

Scott K. Field, Justice

Before Justice Puryear, Goodwin and Field

Dismissed on Appellee's Motion

Filed:   January 31, 2014

5