ACCEPTED
03-14-00635-CV
4505486
THIRD COURT OF APPEALS
AUSTIN, TEXAS
3/16/2015 10:07:10 AM
JEFFREY D. KYLE
CLERK

No. 03-14-00635-CV

## IN THE THIRD COURT OF APPEALS OF TEXAS

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
3/16/2015 10:07:10 AM

JEFFREY D. KYLE
Clerk

MICHAEL LEONARD GOEBEL AND ALL OTHER OCCUPANTS OF
207 CAZADOR DRIVE, SAN MARCOS, TEXAS 78666,

*Appellants*,

v.

SHARON PETERS REAL ESTATE, INC.,

*Appellee*.

ON APPEAL FROM THE COUNTY COURT AT LAW, HAYS COUNTY, TEXAS
TRIAL COURT CAUSE NO. 14-0385-C

## APPELLEE'S REPLY IN SUPPORT OF
## MOTION TO DISMISS APPEAL AS MOOT

Dr. J. Hyde
Texas Bar No. 24027083
**THE J. HYDE LAW OFFICE, PLLC**
111 E. 17th Street #12015
Austin, TX 78711
Telephone: (512) 200-4080
Fax: (512) 582-8295
E-mail: jhyde@jhydelaw.com

*Counsel for Appellee*

---

# IN THE THIRD COURT OF APPEALS OF TEXAS

---

MICHAEL LEONARD GOEBEL AND ALL OTHER OCCUPANTS OF
207 CAZADOR DRIVE, SAN MARCOS, TEXAS 78666,

*Appellants*,

v.

SHARON PETERS REAL ESTATE, INC.,

*Appellee*.

---

ON APPEAL FROM THE COUNTY COURT AT LAW, HAYS COUNTY, TEXAS
TRIAL COURT CAUSE NO. 14-0385-C

---

## APPELLEE'S REPLY IN SUPPORT OF
## MOTION TO DISMISS APPEAL AS MOOT

---

TO THE HONORABLE THIRD COURT OF APPEALS:

Appellee/Plaintiff Sharon Peters Real Estate, Inc., ("Peters") by and through undersigned counsel, respectfully files this reply in support of its motion to dismiss this appeal as moot, and in support thereof states as follows:

1. As explained in Peters' underlying motion to dismiss, Appellant Goebel's appeal of the county court's judgment granting Peters immediate possession of the real property at issue is moot because the writ of possession has

been issued and executed, Goebel is no longer in possession of the property, and Goebel has no claim of right to current possession. *McDonald v. Fed. Nat'l Mortg. Ass'n*, No. 03-13-00770-CV, 2014 WL 1433061, at *1 (Tex. App.—Austin Apr. 10, 2014, order) (mem. op.) ("An appeal from a forcible-detainer action becomes moot if appellant is no longer in possession of the property, unless the appellant holds and asserts 'a potentially meritorious claim of right to current, actual possession' of the property." (quoting *Marshall v. Housing Auth. of City of San Antonio*, 198 S.W.3d 782, 787 (Tex. 2006))).

2.    In his response to the motion to dismiss, Goebel argues that his points of error on appeal—both of which implicate the county court's alleged lack of jurisdiction to render the judgment of possession—amount to a claim of right to current possession. They do not.

3.    First, Goebel asserts that Peters, who was not the prevailing party in the justice court, failed to timely perfect an appeal to the county court that rendered the judgment currently on appeal. Tex. R. Civ. P. 510.9 ("A party may appeal a judgment in an eviction case by filing a bond, making a cash deposit, or filing a sworn statement of inability to pay with the justice court within 5 days after the judgment is signed."). As noted in Peters' motion to dismiss, this assertion lacks merit for the reasons stated in Peters' response to Goebel's "Motion for Emergency

3

Stay of Writ, or, in the Alternative, Writ of Re-entry," which this Court denied.[1]

But even assuming (erroneously) that Peters did not properly perfect an appeal and that the county court thus lacked jurisdiction to render the judgment of possession, the fact remains that the judgment was executed and Goebel is no longer in possession of the property. And the county court's purported lack of jurisdiction to award possession to Peters has nothing whatsoever to do with whether *Goebel* has a right to "current, actual possession" of the property.

4.    Goebel appears to confuse Peters' right to obtain a judgment of possession (which he claims was rendered in error) and Goebel's own right to possess the property. Following the foreclosure sale of the property to Peters and at all times relevant to this eviction, Goebel's occupancy status was that of a tenant at sufferance. (CR 192; Exhibit 5 to Motion to Dismiss). Such status gives him no right to current possession.

5.    Goebel also asserts that he is entitled to possession as the prior owner of the property because the foreclosure sale was allegedly invalid. But Goebel's challenge to Peters' title, which he is currently pursuing in an independent suit in

---

[1] Goebel now appears to argue that Peters was required to pay a $500 bond under Rule 506. Tex. R. Civ. P. 506.1(b) ("A plaintiff must file a $500 bond."). Rule 506, however, is the general rule governing appeals from the justice court, and the provision regarding the amount of the bond conflicts with the more specific rule governing appeals in evictions. Tex. R. Civ. P. 510.9(b) ("The justice court judge will set the amount of the bond or cash deposit to include the items enumerated in Rule 510.11."). Rules 510.9 and 510.11, not Rule 506.1, apply to the amount of the bond required to appeal an eviction to the county court.

district court, has no place in this case and again gives him no potential right to *current* possession.

6. As argued in the motion to dismiss, this Court's case law is abundantly clear that alleged defects in a foreclosure sale do not deprive the justice and county courts of jurisdiction over an eviction brought by the purchaser against the occupant/prior owner where the deed of trust provides for a landlord/tenant-at-sufferance relationship. *See, e.g.*, *Wilder v. Citicorp Trust Bank, F.S.B.*, No. 03-13-00324-CV, 2014 WL 1207979 (Tex. App.—Austin Mar. 18, 2014, pet. dism'd w.o.j.) (mem. op.) (noting that this Court "has consistently held that defects in the foreclosure process cannot be used either to negate a landlord-tenant relationship provision in a deed of trust or to raise a question of title depriving the justice or county courts of jurisdiction to resolve the question of immediate possession"). Instead, a "displaced property occupant" like Goebel "is entitled to bring a separate suit in district court to resolve any title issues." *Rodriguez v. CitiMortgage, Inc.*, No. 03-10-00093-CV, 2011 WL 182122, at *2 (Tex. App.—Austin Jan. 6, 2011, no pet.) (mem. op.); *Villalon v. Bank One*, 176 S.W.3d 66, 70 (Tex. App.—Houston [1st Dist.] 2004, pet. denied).

7. Goebel's "separate suit" challenging the foreclosure sale is currently pending in the Hays County District Court at Cause No. 14-0878. (CR 243). In the event final judgment is eventually rendered in his favor on his title claim in that

5

case, he may be entitled to obtain possession of the property at that time.[2] But the claims asserted in that case have no bearing on his entitlement to "current, actual possession of the Property," which is the relevant inquiry in an eviction. To put it another way, if Goebel were to file a forcible-detainer action today seeking immediate possession of the property, he would have no grounds to support it. Accordingly, any error by the trial court in rendering the judgment of possession—jurisdictional or otherwise—simply does not amount to a live issue in this appeal.[3]

8. In sum, because Goebel is no longer in possession of the Property, and because he has no potentially meritorious right to current, actual possession of the Property, Goebel's appeal of the judgment of possession is moot. *Marshall*, 198 S.W.3d at 787.

WHEREFORE, Peters respectfully requests that the Court GRANT its motion to dismiss and dismiss this appeal as moot.

---

[2] Although that case was initially filed back in June 2014, Goebel has done little to pursue his claims on their merits. Instead, the majority of his filings in that case have involved attempts to restrain the underlying eviction. Indeed, Goebel did not even add the foreclosing beneficiary as a party defendant until November 2014 after Peters filed a motion to compel the joinder of the beneficiary under Tex. R. Civ. P. 39.

[3] As noted in the motion to dismiss, Peters has waived and abandoned any right it may have to collect on the county court's award of costs in the judgment. Thus, that award does not preserve a live issue for this appeal.

Respectfully Submitted,

*/s/ J. Hyde*

_____

Dr. J. Hyde
State Bar No. 24027083
**THE J. HYDE LAW OFFICE, PLLC**
111 E. 17th Street #12015
Austin, Texas 78711
Phone: (512) 200-4080
Fax: (512) 582-8295
E-mail: jhyde@jhydelaw.com

*Attorney for Appellee*

## CERTIFICATE OF SERVICE

I hereby certify that, pursuant to Texas Rule of Appellate Procedure 9.5 and Local Rule 4(d), a copy of Appellee's Reply in Support of Motion to Dismiss Appeal as Moot was served on this 16th day of March, 2015, via e-service, upon the following:

David Rogers
1201 Spyglass, Suite 100
Austin, TX 78746

*/s/ J. Hyde*

_____

Dr. J. Hyde