**VACATE and DISMISS; and Opinion Filed April 25, 2016.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-16-00057-CV

### SAMMIE HARRISON, Appellant
### V.
### DALLAS AREA HABITAT FOR HUMANITIES, Appellee

**On Appeal from the County Court at Law No. 2**
**Dallas County, Texas**
**Trial Court Cause No. CC-15-06513-B**

## MEMORANDUM OPINION

Before Chief Justice Wright, Justice Lang-Miers, and Justice Stoddart
Opinion by Justice Lang-Miers

Appellant appeals the January 20, 2016 de novo judgment rendered by the county court at law in this forcible detainer case. Upon review of the clerk's record, it appeared that appellant's appeal bond was not timely filed in the justice court. By letter dated March 7, 2016, we notified the parties that it appeared the county court at law lacked jurisdiction over the appeal from the justice court. We requested briefing on the issue from the parties. To date, we have received no response.

A party may appeal a judgment in an eviction case by filing a bond, making a cash deposit, or filing a sworn statement of inability to pay with the justice court within five days after the judgment is signed. TEX. R. CIV. P. 510.9(a). An appeal of a justice court's ruling is perfected when a bond, cash deposit, or statement of inability to pay is filed in accordance with this rule. TEX. R. CIV. P. 510.9(f). The justice court signed its judgment on December 14, 2015 awarding

appellee possession of the property. Appellant filed an appeal bond on December 28, 2015. Because appellant did not timely file an appeal bond or statement of inability to pay in accordance with rule 510.9(a) of the Texas Rules of Civil Procedure, appellant did not properly perfect an appeal to the county court. As a result, the county court at law had no jurisdiction to hear the de novo appeal. *See Williams v. Schneiber,* 148 S.W.3d 581, 583 (Tex. App.—Fort Worth 2004, no pet.). Because appeal from the justice court judgment was not timely perfected and the county court never acquired jurisdiction, the judgment of the justice court was never vacated. *Cf. Villalon v. Bank One,* 176 S.W.3d 66, 69–70 (Tex. App.—Houston [1st Dist.] 2004, pet. denied) ("[I]t is well-settled that perfection of an appeal to county court from a justice court for trial de novo vacates and annuls the judgment of the justice court.").

When a trial court does not have jurisdiction to render a judgment, the proper practice is for the reviewing court to set the judgment aside and dismiss the cause. *Dallas County Appraisal Dist. v. Funds Recovery, Inc.,* 887 S.W.2d 465, 468 (Tex. App.—Dallas 1994, writ denied). Accordingly, we vacate the judgment of County Court at Law No. 2 and dismiss the case. *See* TEX. R. APP. P. 43.2(e).

/Elizabeth Lang-Miers/
ELIZABETH LANG-MIERS
JUSTICE

160057F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

SAMMIE HARRISON, Appellant

No. 05-16-00057-CV        V.

DALLAS AREA HABITAT FOR
HUMANITIES, Appellee

On Appeal from the County Court at Law
No. 2, Dallas County, Texas
Trial Court Cause No. CC-15-06513-B.
Opinion delivered by Justice Lang-Miers.
Chief Justice Wright and Justice Stoddart
participating.

In accordance with this Court's opinion of this date, we **VACATE** the judgment of County Court at Law No. 2 and **DISMISS** the case.

It is **ORDERED** that appellee DALLAS AREA HABITAT FOR HUMANITIES recover its costs of this appeal from appellant SAMMIE HARRISON.

Judgment entered this 25th day of April, 2016.