**Affirmed Memorandum Opinion filed February 28, 2019.**



In The

# Fourteenth Court of Appeals

## NO. 14-17-00547-CV

### JEFFREY WELLS, Appellant

### V.

### TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellee

**On Appeal from the County Civil Court at Law No. 3**
**Harris County, Texas**
**Trial Court Cause No. 1084054**

## MEMORANDUM OPINION

A former handgun licensee appeals a county court at law's final order affirming the Texas Department of Public Safety's decision to revoke his handgun license on the grounds that he became ineligible to hold the license after pleading "guilty" to a charge of driving while intoxicated. Finding no error on the narrow issues presented, we affirm.

# I. FACTUAL AND PROCEDURAL BACKGROUND

Appellant Jeffrey Wells obtained a concealed handgun license in 2013. Two years later, he was charged with driving while intoxicated (DWI). Wells pleaded "guilty" to the DWI charge. The Texas Department of Public Safety revoked Wells's handgun license on the grounds that Wells's conviction for the Class B misdemeanor rendered him ineligible for the license. The presiding judge of the Harris County Justice Court, Precinct 2, Place 1 conducted a hearing on this revocation under Texas Government Code section 411.180(a). The justice court issued an order affirming the Department's revocation of Wells's handgun license.

Wells challenged the justice court's decision by filing a "Petition for Trial de Novo" in the County Court of Law Number 3, in Harris County. Wells specifically denied the Department's statutory ground for revoking his license. Additionally, Wells asserted that the revocation violated his constitutional rights under the Second Amendment of the United States Constitutions and Article I, Section 23 of the Texas Constitution and violated the Ex Post Facto provisions of the United States and Texas Constitutions. Wells also complained of the justice court's refusal to transfer the case to the precinct of Wells's residence.

Wells tried his case anew in the county court at law. After finding the transfer issue moot, the county court at law heard evidence and argument on the revocation issue and affirmed the revocation of Wells's handgun license. Raising four issues, Wells now challenges that ruling in this appeal.

# II. ISSUES AND ANALYSIS

## A. Did the county court at law properly dispose of the venue challenge?

In his first and second issues, Wells argues that his case was improperly retained in the wrong precinct at the justice-court level. He complains that the local administrative rule that directed his case to Precinct 2 violated his right under

the statute to request that the hearing be held in the precinct of his residence. Wells argues that this rule violates the constitutional separation of powers. In his second issue, Wells complains that both the justice court and the county court at law erred in refusing to remand his case to precinct of his choice.

When Wells perfected his appeal to the county court at law from the justice court for a trial de novo, the law rendered the justice court's judgment vacated and annulled. *See Mullins v. Coussins,* 745 S.W.2d 50, 50 (Tex. App.— Houston [14th Dist.] 1987, no writ). In a trial de novo, the county court at law is not bound by the justice court's decisions on the merits. *Villalon v. Bank One,* 176 S.W.3d 66, 69–70 (Tex. App.—Houston [1st Dist.] 2004, pet. denied). Instead, the county court at law independently decides the case on appeal; the county court at law cannot affirm or reverse the justice court's judgment, nor can it remand the case to the justice court. *Id.* Thus, in an appeal from the justice court's judgment, the parties must proceed as though the judgment had not been rendered. *Id.*

Presuming, without deciding, that Wells's first and second issues have merit, they were rendered moot by the appeal to the county court at law. *See id.*; see *also Laguan v. U.S. Bank Tr.*, 14-14-00577-CV, 2016 WL 750172, at *1 (Tex. App.— Houston [14th Dist.] Feb. 25, 2016, no pet.)(finding complaints based on constitutional grounds moot); *Kaminetzky v. Dosohs I, Ltd.*, 14-03-00567-CV, 2004 WL 1116960, at *4 (Tex. App.—Houston [14th Dist.] May 20, 2004, no pet.) (finding complaints made in the justice court moot). Thus, we need not address the merits of Wells's first and second issues.

**B. Did the county court at law err when it affirmed the license revocation over the objection that the revocation conflicted with the Supreme Court's *Heller* and *McDonald* decisions?**

An appellant's brief must contain a clear and concise argument for the

contentions made, with appropriate citations to the record. *See* Tex. R. App. P. 38.l(i). We interpret this requirement reasonably and liberally. *See Mojtahedi v. BHV Realty, Inc.,* No. 14–05–01101–CV, 2007 WL 763813, at *4 (Tex.App.– Houston [14th Dist.] Mar. 15, 2007, no pet.) (mem.op.). Yet, parties asserting error on appeal must put forth some specific argument and analysis showing that the record and the law support their contentions. *See id.* Though Wells states in a conclusory manner that the revocation of his license "is a direct violation of his constitutional rights under the Second Amendment of the United States Constitution[] and Article I, Sec[tion] 23 of the Texas Constitution," the only argument that he sufficiently briefs is that the revocation of his license to carry a handgun conflicts with the United States Supreme Court's rulings in *District of Columbia v. Heller* and *McDonald v. City of Chicago*.[1] *See id.* As to any other argument under the Second Amendment of the United States Constitution or article I, section 23 of the Texas Constitution, Wells does not present an analysis as to how the revocation violated these constitutional provisions. Likewise, in his briefing Wells has failed to present clear and concise argument in support of any other contention as to how the revocation violated either of these constitutional provisions. Thus, as to any other argument, Wells's appellate briefing fails to suffice and he has waived review. *See id.*

The narrow issue preserved for review is whether the revocation of Wells's license conflicts with the high court's ruling in *Heller* as extended to the states by *McDonald*. In both cases the Supreme Court ultimately decided a question on the constitutionality of laws effectively preventing citizens from owning handguns or keeping handguns at home. *See D.C. v. Heller*, 554 U.S. 570, 635, 128 S. Ct. 2783, 2821–22, 171 L. Ed. 2d 637 (2008) (stating that "[i]n sum, we hold that the

_____

[1] Wells preserved error on this argument in the county court at law.

4

District's ban on handgun possession in the home violates the Second Amendment, as does its prohibition against rendering any lawful firearm in the home operable for the purpose of immediate self-defense. Assuming that Heller is not disqualified from the exercise of Second Amendment rights, the District must permit him to register his handgun and must issue him a license to carry it in the home."); *McDonald v. City of Chicago, Ill.*, 561 U.S. 742, 791, 130 S. Ct. 3020, 3050, 177 L. Ed. 2d 894 (2010) (stating that "[w]e therefore hold that the Due Process Clause of the Fourteenth Amendment incorporates the Second Amendment right recognized in *Heller*"). Neither case provides a holding that speaks to the constitutionality of the revocation of Wells's public-carry license, the Texas handgun statute, or a statute that otherwise disqualifies an individual from publicly carrying a handgun on the sole basis of a DWI conviction. The revocation of Wells's license does not conflict with the decision in either *Heller* or *McDonald*. We conclude that the only complaint that Wells sufficiently briefed lacks merit, and we overrule Wells's third issue.

## C. Did the county court at law err in determining appellant's retroactive-law argument did not apply?

In his fourth issue, Wells complains that revoking his concealed-carry license violated the Ex Post Facto provisions — under Article I, Section 10, Clause 1, of the United States Constitution and Article I, Section 16 of the Texas Constitution — following legislative changes to the handgun laws that went into effect on January 1, 2016. This legislation did not create a new penalty for those convicted of a DWI offense. Nor did the legislation enhance penalties of those already accused of a DWI offense. Presuming, without deciding, that an ex post facto prohibition would apply to this civil revocation procedure, Wells has not shown that the new legislative scheme imposed any increase in punishment to the preexisting revocation scheme. Under both the old and new versions of the law, his

license could be revoked for the class B misdemeanor. *Compare* Tex. Gov't Code §§ 411.172(a)(8)(effective Jan. 1, 2016) *with* Act of June 1, 2009, 81st Leg., R.S., Ch. 1146, § 11.03, 2009 Tex. Gen. Laws 3583, 3636 (codified at Tex. Gov't Code § 411.172(a)(8))(effective September 1, 2009 through December 31, 2015); *see also* Act of June 1, 2009, 81st Leg., R.S., Ch. 1146, § 11.11, 2009 Tex. Gen. Laws 3583, 3640 (codified at Tex. Gov't Code § 411.186(a)(3))(effective since September 1, 2009). Because Wells has not demonstrated that the legislative changes adversely affected him, he has failed to establish entitlement to relief. *See California Dept. of Corr. v. Morales*, 514 U.S. 499, 514 (1995) (finding no ex post facto violation where new legislation creates only a speculative risk of increasing the measure of punishment attached to covered crimes). Accordingly, we overrule his fourth issue.

We affirm the judgment of the county court at law.


/s/    Kem Thompson Frost
Chief Justice


Panel consists of Chief Justice Frost and Justices Christopher and Bourliot.