

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-24-00193-CV

_____

RACHEL O'DWYER, TRUSTEE OF AUSSIE-TEX FREEHOLD VENTURES
TRUST #0082, Appellant

V.

CHRISTOPHER PETERS AND JESSICA PETERS, Appellees

On Appeal from the County Court
Montague County, Texas
Trial Court No. 24C002

Before Birdwell, Wallach, and Walker, JJ.
Memorandum Opinion by Justice Wallach

## MEMORANDUM OPINION

Appellant Rachel O'Dwyer, Trustee of Aussie-Tex Freehold Ventures Trust #0082 (the Trustee) appeals from the trial court's dismissal of her forcible detainer action. The property at issue had been conveyed to the Trustee by James and Mary Dresser (collectively Grantors), the parents of Appellee Jessica Peters. After the conveyance, the Trustee moved to evict Jessica and her husband, Appellee Christopher Peters, from the property. Appellees asserted that the justice court—and the county court on appeal—had no jurisdiction because the Trustee's claim was so intertwined with an issue of title that the claim could not be resolved without deciding the title issue. Because we hold that no issue of title needs to be decided before resolving the question of immediate possession, we will reverse.

## Background

Grantors acquired the property in Montague County in August 2018. In 2021, Grantors executed a "Lady Bird deed"[1] that conveyed an undivided 75% remainder interest in the property to Jessica and an undivided 25% remainder interest to Amanda King and reserved to Grantors a life estate with the right to convey the property during their lifetime as follows:

---

[1] "A 'Lady Bird deed,' also known as an 'enhanced-life-estate deed,' is '[a] deed that allows a property owner to transfer ownership of the property to another while retaining the right to hold and occupy the property and use it as if the transferor were still the sole owner.'" *Tex. Health & Human Servs. Comm'n v. Est. of Burt*, 689 S.W.3d 274, 278 n.4 (Tex. 2024) (quoting Lady Bird deed, Black's Law Dictionary (11th ed. 2019)).

Reservations from Conveyance:

For Grantor and Grantor's assigns, a reservation of the full possession, benefit, and use of the Property for the remainder of the life of Grantor, as a life estate, coupled with an *unrestricted power to convey* during the Grantors' lifetime, which includes the power to sell, gift, mortgage, lease and otherwise dispose of the property, and to retain the proceeds from the conveyance. [Emphasis added.]

In 2023, Appellees sued Grantors in district court, alleging that Grantors were trying to sell the property. Appellees alleged that when Grantors purchased the property, Appellees and Grantors orally agreed to form a partnership to share in the property's acquisition. Under that alleged oral agreement, Grantors promised to obtain financing to purchase the property and to pay fifty percent of all costs associated with acquiring the property. Appellees would provide part of the down payment and pay half of each mortgage payment, and in return, Grantors would not sell the property without Appellees' consent and would draft their wills to leave Jessica three-fourths of the property upon Grantors' deaths. Appellees claimed to have provided $20,174 for the down payment and to have paid half of all mortgage payments as agreed.

However, Appellees did not allege that the deed to Grantors had also conveyed an interest to Appellees, and Appellees' petition did not address the Lady Bird deed or its reserving to Grantors an unconditional right to sell the property and keep the proceeds. Instead, Appellees claimed that although they had performed under the agreement, Grantors were nevertheless "attempting to sell the real property at issue

3

without the consent of [Appellees] . . . and not reimburse [Appellees] for the contributions [that Appellees had] made."

In their district court suit, Appellees sought a constructive trust on the property to "adequately compensate [Appellees] and prevent the unjust enrichment of [Grantors]." They asserted,

> 12. It is unconscionable and a breach of the confidential and fiduciary relationship between [Appellees] and [Grantors] for [Grantors] to retain compete ownership of the [property]. A constructive trust on the property in question is the only remedy that will adequately compensate [Appellees] and prevent the unjust enrichment of [Grantors] at [Appellees'] expense.

Three days after Appellees filed suit, Grantors conveyed the property to the Trustee. The Trustee sent Appellees a notice stating that they were tenants at will and that the tenancy was thereby terminated and demanding that Appellees vacate the property. When Appellees did not comply, the Trustee filed this eviction action. The Trustee also intervened in Appellees' district court suit, asserting a claim of trespass to try title and to quiet title and alleging that Appellees "ha[d] no present or future right, title, or interest in the land, and [that] Jessica['s] remainder interest in the [l]and was extinguished" by the conveyance to the Trustee.

The justice court dismissed the Trustee's eviction suit for want of jurisdiction, and the Trustee appealed to the county court. At the hearing, the parties argued about whether the possession issue was so intertwined with the title question that the possession issue could not be adjudicated without determining title. At the hearing's

4

conclusion, the county court stated that "since we do have a case pending in [d]istrict [c]ourt that has to do—basically this constructive trust that does have to do with ownership rights, I think these cases are incredibly intertwined." The county court then signed an order affirming the justice court's order[2] and dismissing the suit for lack of jurisdiction. The Trustee now appeals.

## Discussion

In her sole issue, the Trustee argues that, despite Appellees' district court litigation seeking a constructive trust over the property, the question of which party is entitled to immediate possession is not so intertwined with an issue of title such that the right of possession cannot be decided without resolving the title issue. Thus, she contends, the county court erred by dismissing the eviction suit for lack of subject matter jurisdiction. Appellees did not file a brief.

"An action for forcible detainer is intended to be a speedy, simple, and inexpensive means to obtain immediate possession of property." *Marshall v. Hous. Auth. of City of San Antonio*, 198 S.W.3d 782, 787 (Tex. 2006). Thus, a judgment of

---

[2]The county court's judgment stated that "the [j]ustice [c]ourt's dismissal of the [the Trustee's eviction suit] for lack of subject matter jurisdiction is AFFIRMED." *But see Villalon v. Bank One*, 176 S.W.3d 66, 70 (Tex. App.—Houston [1st Dist.] 2004, pet. denied) (noting that because an appeal to the county court in an eviction case vacates the justice court's judgment, the county court cannot affirm or reverse the justice court's judgment); *Hall v. McKee*, 179 S.W.2d 590, 593 (Tex. App.—Fort Worth 1944, no writ) (stating same). Because the county court does not have jurisdiction over an eviction case if the justice court did not, *see Villalon*, 176 S.W.3d at 69, we construe this statement as simply a conclusion that the justice court did not have jurisdiction and, thus, neither did the county court.

5

possession in an eviction case "is not intended to be a final determination of whether the eviction is wrongful"; rather, an eviction suit determines only the right to *immediate* possession. *Id.*

A justice court does not have jurisdiction to resolve title disputes. *Pinnacle Premier Props., Inc. v. Breton*, 447 S.W.3d 558, 563 (Tex. App.—Houston [14th Dist.] 2014, no pet.). Consequently, if the right to immediate possession cannot be determined without resolving a title dispute, the justice court does not have jurisdiction over the eviction suit. *Id.*; *see Gibson v. Dynegy Midstream Servs., L.P.*, 138 S.W.3d 518, 522, 524 (Tex. App.—Fort Worth 2004, no pet.) (holding justice court had no jurisdiction over eviction suit where defendant had alleged that it had title by adverse possession).

But the justice court will not be deprived of jurisdiction merely because a title dispute exists. *Pinnacle Premier Props., Inc.*, 447 S.W.3d at 563. "If the title issue does not control the right to possession, it is of no moment." *Id.* Instead, the justice court's jurisdiction is affected only when "the question of title is so intertwined with the issue of possession, th[at] possession may not be adjudicated without first determining title." *Villalon*, 176 S.W.3d at 70. "Forcible detainer actions in justice courts may be brought and prosecuted concurrently with suits to try title in district court." *Id.* at 70–71.

Here, Appellees do not claim to hold title under any deed, and the evidence shows that they do not. There is no dispute in the record that the deed conveying the

property to Grantors did not convey any interest to Appellees. There is also no dispute in the record that the Lady Bird deed—which had conveyed to Jessica a remainder interest in the property—contained a reservation clause with an unrestricted right to convey the property to a third party. There is also no dispute in the record that Grantors executed a deed conveying the property to the Trustee. *See In re Est. of Turner*, No. 06-17-00071-CV, 2017 WL 6062655, at *3 (Tex. App.—Texarkana Dec. 8, 2017, pet. denied) (mem. op.) (upholding trial court's determination that grantee under Lady Bird deed had no right or interest in property after grantor conveyed property to third party). In other words, Appellees are not claiming an ownership interest in the property under any deed.

Appellees did allege in the district court suit that they and Grantors had an oral agreement under which Grantors would not convey the property without Appellees' consent. If Appellees can establish an enforceable agreement, then they may have a claim against Grantors for breaching that agreement. But the Lady Bird deed, on its face, contains no such restriction, and Appellees do not argue that it does.

Further, nothing in the record indicates that Appellees had purchased all or part of the property from Grantors such that Appellees had a present, irrevocable ownership interest at the time of the conveyance to the Trustee. *Compare Kafi, Inc. v. Hernandez*, No. 14-22-00730-CV, 2023 WL 5286963, at *3 (Tex. App.—Houston [14th Dist.] Aug. 17, 2023, no pet.) (mem. op.) (holding that evidence that tenant had exercised oral agreement to purchase property from landlord was sufficient to raise a

7

title issue), *with Arevalo v. Llamas*, No. 13-20-00497-CV, 2022 WL 3264628, at \*4 (Tex. App.—Corpus Christi–Edinburg Aug. 11, 2022, no pet.) (mem. op.) (considering whether defendant tenants in eviction suit had legal or equitable title based on purchase option in lease agreement and concluding that they did not because they had not exercised the option before it expired). *See Johnson v. Guillory*, No. 14-22-00396-CV, 2023 WL 8043680, at \*2 (Tex. App.—Houston [14th Dist.] Nov. 21, 2023, pet. denied) (mem. op.) (holding that there were no title issues in eviction suit despite defendant's suing the plaintiff in district court for breach of a sales agreement regarding the subject property); *cf. In re Mandola*, No. 03-11-00816-CV, 2012 WL 43365, at \*2 (Tex. App.—Austin Jan. 4, 2012, orig. proceeding) (mem. op.) (holding that court could decide right of immediate possession separate from issue of whether tenant had, after landlord filed eviction suit, properly exercised its right to purchase the property).

Rather, Appellees alleged an agreement under which they had promised to give Grantors part of the property's purchase price and to pay part of the mortgage payments, and in return, Grantors would not sell the property without Appellees' consent and would leave most of the property to Jessica in Grantors' wills—an act that, even if performed, would not have given Appellees a *current* ownership interest in the property. *See, e.g., In re Est. of Jones*, 197 S.W.3d 894, 903 (Tex. App.—Beaumont 2006, pet. denied); *Huffman v. Huffman*, 329 S.W.2d 139, 142 (Tex. App.—Fort Worth 1959), *aff'd*, 339 S.W.2d 885 (Tex. 1960). Thus, at most, Appellees alleged that they

had an agreement that, if performed, would result in Jessica's having an ownership interest in the property at some point *in the future*. Further, while Appellees seek imposition of a constructive trust on the property, even if they succeed, that cause of action does not give Appellees a currently existing ownership interest in the property.

Regardless of whether Appellees succeed in the district court suit, nothing in the record before this court raises a dispute about who *currently* holds title to the property. *Cf. Matter of Tr. A & Tr. C. Established Under Bernard L. & Jeannette Fenenbock Living Tr. Agreement*, 690 S.W.3d 80, 89 (Tex. 2024) (stating that a court may impose a constructive trust if "*the person holding the title to property* would profit by a wrong or would be unjustly enriched if he were permitted to keep the property" (emphasis in original) (citation omitted)). Thus, determining who has the right to current, immediate possession of the property does not require resolving a title dispute. Accordingly, we sustain the Trustee's issue.[3]

## Conclusion

Having sustained the Trustee's issue, we reverse the county court's judgment and remand this case for further proceedings.

---

[3]Nothing in this opinion should be read as addressing whether the Trustee has established each of the elements necessary to prevail on her eviction claim or a comment on who should prevail in the district court action. We address only whether, on the record before this court, the possession issue could be resolved without deciding an issue of title.

                                        /s/ Mike Wallach
                                        Mike Wallach
                                        Justice

Delivered:  January 30, 2025