

# COURT OF APPEALS
# EIGHTH DISTRICT OF TEXAS
# EL PASO, TEXAS

---

No. 08-26-00172-CV

---

Emilio EsteVan Lopez, Appellant

v.

Equity Residential Management LLC, St. John's West, Appellee

---

On Appeal from the County Court at Law No 1
Travis County, Texas
Trial Court No. C-1-CV-25-004673

---

## MEMORANDUM OPINION

Equity Residential Management, LLC, St. John's West (Equity), moves to dismiss this attempted appeal as moot, asserting there is no actual controversy between the parties. We grant the motion and dismiss the appeal for want of jurisdiction.

Equity filed a forcible entry and detainer action in the Justice of the Peace Court of Travis County, Precinct No. One, alleging Emilio EsteVan Lopez had defaulted on a residential lease agreement. The justice court issued a judgment of eviction in favor of Equity, awarding it possession of the property along with back rent, attorney's fees, and court costs. Lopez appealed the justice court's judgment to a county court at law for a trial de novo. The perfection of the appeal vacated and annulled the justice court's judgment. *See Villalon v. Bank One*, 176 S.W.3d 66, 69–70 (Tex. App.—Houston [1st Dist. 2004, pet. denied) ("[I]t is well-settled that perfection of an appeal to county court from a justice court for trial de novo vacates and annuls the judgment of the justice court.").

On October 14, 2025, Equity filed a notice of nonsuit and motion to dismiss. The county court at law signed an order of nonsuit and dismissal of the case without prejudice on October 20, 2025. On its face, the order expressly stated: "[t]his is a final order disposing of all issues and parties and is appealable." On March 16, 2026, Lopez filed a document asserting a "formal appeal," wherein he demanded that the case be reopened and asked for an immediate return of his security deposit. The Travis County Clerk forwarded Lopez's attempted appeal to the Third Court of Appeals in Austin, and the case was thereafter transferred to this Court.[1]

Equity moves to dismiss this attempted appeal as moot and asserts there is no longer an actual controversy between the parties. We agree and conclude that the underlying case became moot following the order of nonsuit. *See Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010). A plaintiff may take a non-suit at any time before it has introduced all of its evidence. Tex. R. Civ. P. 162. A plaintiff's right to a nonsuit is absolute, and when no collateral matters

---

[1] This case was transferred pursuant to the Texas Supreme Court's docket equalization efforts. Tex. Gov't Code Ann. § 73.001. We follow the precedent of the Third Court of Appeals to the extent it might conflict with our own. *See* Tex. R. App. P. 41.3.

remain, the nonsuit renders the merits of a case moot. *Travelers Ins. Co.*, 315 S.W.3d at 862. When a controversy becomes moot, the court of appeals lacks subject-matter jurisdiction and must dismiss the appeal for want of jurisdiction. *Tex. Dept. of Family and Protective Services v. N.J.*, 644 S.W.3d 189, 192 (Tex. 2022).

Because we have no jurisdiction over moot controversies, we GRANT Equity's motion to dismiss. We dismiss this attempted appeal for want of jurisdiction. Tex. R. App. P. 42.3(a).

GINA M. PALAFOX, Justice

June 4, 2026

Before Salas Mendoza, C.J., Palafox and Soto, JJ.