ACCEPTED
01-15-00398-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
9/14/2015 8:25:28 AM
CHRISTOPHER PRINE
CLERK

No. 01-15-00398-CV

COURT OF APPEALS
FIRST DISTRICT OF TEXAS
Houston, Texas

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS

9/14/2015 8:25:28 AM

CHRISTOPHER A. PRINE
Clerk

JENNIE LARRY JOHNSON
*APPELLANT,*

VS.

FREO TEXAS LLC, A DELAWARE LIMITED LIABILITY COMPANY
*APPELLEE.*

Appeal from the County Court at Law Number Three (3)

Fort Bend County, Texas

Honorable Susan G. Lowery (Presiding Judge)

Case Number: 15-CCV-054223

BRIEF OF APPELLEE
Oral Argument Not Requested

Travis H. Gray
SBN 24044965
JACK O'BOYLE & ASSOCIATES
P.O. Box 815369
Dallas, Texas 75381
P: 972.247.0653 | F: 972.247.0642
E: travis@jackoboyle.com
ATTORNEY FOR APPELLEE

# IDENTITY OF PARTIES AND COUNSEL

The following is a complete list of names and address of all parties to the

proceeding and their counsel:

**APPELLANT:**
JENNIE LARRY JOHNSON

Represented at Trial By:
Jennie Larry Johnson, *Pro Se*
1907 Doliver Circle
Missouri City, TX 77489

Represented on Appeal By:
L Mickele Daniels
SBN 05374900

L. Mickele' Daniels & Associates
One Arena Place, Suite 580
7322 Southwest Freeway
Houston, Texas 77074
seminole85@peoplepc.com
(713) 995-4681 Telephone
(713) 995-4685 Facsimile

**APPELLEE:**
FREO TEXAS LLC, A DELAWARE LIMITED LIABILITY COMPANY

Represented at Trial and on Appeal by:
Travis H. Gray
SBN 24044965
JACK O'BOYLE & ASSOCIATES
P.O. Box 815369
Dallas, Texas 75381
P: 972.247.0653
F: 972.247.0642
E: travis@jackoboyle.com

## STATEMENT REGARDING ORAL ARGUMENT

Appellee does not waive oral argument. FREO Texas LLC, A Delaware Limited Liability Company believes that oral argument is not necessary for this Court to understand the issues presented in the Briefs of the parties. However, if the Court desires oral argument, FREO Texas LLC, A Delaware Limited Liability Company wishes to participate. Tex. R. App. P. 39.7.

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL     2

STATEMENT REGARDING ORAL ARGUMENT     3

TABLE OF CONTENTS     4-5

INDEX OF AUTHORITIES     6-7

STATEMENT OF THE CASE     8

ISSUES PRESENTED     9

STATEMENT OF FACTS     10-11

ARGUMENT AND AUTHORITIES     12-27

I.    THE TRIAL COURT CORRECTLY GRANTED JUDGMENT ON AH4R'S CLAIM FOR FORCIBLE DETAINER     12-19

II.    THE TRIAL COURT PROPERLY ADMITTED EXHIBIT 3     19-21

III.    THE EVIDENCE PRESENTED BY PLAINTIFF AT TRIAL WAS LEGALLY SUFFICIENT TO ESTABLISH ITS CLAIM FOR FORCIBLE DETAINER     21-23

IV.    APPELLEE DEMONSTRATED TO THE COURT THAT IT SENT TO APPELLANT THE REQUISITE NOTICE TO VACATE AND DEMAND FOR POSSESSION     12-25

V.    THE TRIAL COURT PROPERLY MAINTAINED JURISDICTION OVER THE MATTER DESPITE ALLEGED TITLE ISSUES     25-27

CONCLUSION     27-28

PRAYER     28

CERTIFICATE OF SERVICE                    30

CERTIFICATE OF COMPLIANCE                  31

APPENDIX                                   32

# INDEX OF AUTHORITIES

**CASES:**

*Moncrief Oil Int'l, Inc. v. OAO Gazprom*, 414 S.W.3d 142, 150 (Tex. 2013).  ........ 12

*Willms v. Americas Tire Co., Inc.*, 190 S.W.3d 796, 803 (Tex. App.-Dallas 2006, pet. denied).  ........ 12

*Bennett v. Cochran*, 96 S.W.3d 227, 229-30 (Tex. 2002) (per curiam).  ........ 12

*Gallagher v. Fire Ins. Exch.*, 950 S.W.2d 370, 370-71 (Tex. 1997))).  ........ 12

*Heckendorn v. First Mortg. Co.*, LLC, No. 13-12-00451-CV, 2013 WL 5593520 (Tex. App.-Corpus Christi July 29, 2013, no pet.) (mem. op.)  ........ 12-13

*Perez v. Spring Branch Indep. Sch. Dist.,* No. 14-10-00058-CV, 2011 WL 742601, at *2-3 (Tex. App.-Houston [14th Dist.] Mar. 3, 2011, pet. denied) (mem. op.) (per curiam).  ........ 13

*Jaimes v. Federal Nat'l Mortg. Ass'n*, No. 03-13-00290-CV, 2013 WL 7809741 (Tex. App.-Austin Dec. 4, 2013, no pet.) (mem. op.).  ........ 13

*Yarto v. Gilliland*, 287 S.W.3d 83, 92 (Tex. App.-Corpus Christi 2009, no pet.  ........ 13

*Gall v. Allstate Cnty. Mut. Ins. Co.,* No. 09-99-00296-CV, 2000 WL 235148 (Tex. App.-Beaumont Mar. 2, 2000, no pet.)  ........ 13

*Cantu v. Federal Nat'l Mortg. Ass'n*, No. 02-11-00293-CV, 2012 WL 955363 (Tex. App.-Fort Worth Mar. 22, 2012, no pet.) (mem. op.).  ........ 13

*Smith v. KNC Optical, Inc.*, 296 S.W.3d 807, 811 (Tex.App.- Dallas 2009, no pet.).  ........ 14

*Rice v Pinney*, 51 S.W.3rd 705, 709 (Tex.App.-Dallas 2001, pet.dism'd w.o.j.).  ........ 15, 16, 23

*U.S. Bank Nat'l Ass'n v. Freeney*, 266 S.W.3d 623, 625 (Tex.App.-Dallas 2008, no pet.).  ........ 15, 22

*Dormandy v. Dinero Land & Cattle Co., L.C.*, 61 S.W.3d 555 (Tex.App.—San Antonio 2001, pet. dism'd w.o.j.).  ........ 15

*Rodriguez v. Citimortgage, Inc.,* No. 03–10–00093–CV, 2011 WL 182122, (Tex.App.-Austin Jan. 6, 2011, no pet.) (mem. op.).  ........ 16, 21

*Mitchell v. Citifinancial Mortgage Company*, 192 S.W. 3rd 882, 883 (Tex.App.-Dallas 2006 no pet)  ........ 16

*Powelson v. U.S. Bank National Association*, 125 S.W.3rd 810, 812 (Tex.App.-Dallas 2004, no pet.).  ........ 17

*Mortgage Electronic Registration Systems, Inc. v. Knight*, No. 09-04-452 CV, 2006 WL 510338, (Tex.App-Beaumont March 2, 2006, no pet.) (mem. op.).  ........ 18

*Williams v. Bank of N.Y. Mellon*, 315 S.W.3d 925, 927 (Tex.App.-  ........ 19

Dallas 2010, no pet.)

*Hope's Fin. Mgmt. v. Chase Manhattan Mortg. Corp*., 172 S.W.3d 105,   20
107 (Tex.App.-Dallas 2005, pet. denied).

*Duncan Dev., Inc. v. Haney*, 634 S.W.2d 811, 813–14 (Tex.1982).   21

*City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex.2005).   22

*Thomas v. Ray*, 889 S.W.2d 237, 238 (Tex.1994).   24

*Kaldis v. U.S. Bank Nat'l Ass'n*, No. 14–11–00607–CV, 2012 WL   24
3229135, at 1, 3 (Tex.App.-Houston [14th Dist.] Aug. 9, 2012, pet.
dism'd w.o.j.) (mem.op.

*Ramey v. Bank of New York*, No. 14–06–00824, 2010 WL 2853887, at   24
3 (Tex.App.-Houston [14th Dist.] July 22, 2010, no pet.) (mem.op.)

*Jimmerson v. Homecomings Financial L.L.C*., No. 02–07–00305– CV,   25
2008 WL 2639757, at 2 n. 3 (Tex.App.-Fort Worth July 3, 2008, no
pet.) (mem.op.)

*Villalon v. Bank One,* 176 S.W.3d 66, 69 (Tex.App.-Houston [1st Dist.]   26
2004, pet. denied).

**STATUTES:**

Tex. R. App. P. 39.7   3
Tex. Prop. Code Ann. § 24.002(a)(2)   14
Tex. R. Civ. P. 510.3(e).   15
Tex. R. Civ. P. 510.3(a).   16
Tex. Prop. Code Ann. Sections 24.002(b)   18
Tex. Prop. Code Ann. Sections 24.002   18
Tex.R.App. P. 33.1(a).   19
Tex. R. Evid. 803(6)   20

## STATEMENT OF THE CASE

This forcible detainer case is an appeal from a judgment granted in favor of FREO Texas LLC, A Delaware Limited Liability Company ('FREO').

Appellee purchased the Subject Property at foreclosure and filed suit for forcible detainer in the appropriate Justice of the Peace Court against Jennie Larry Johnson and/or All Occupants of 1907 Doliver Circle, Missouri City, TX 77489.

The Justice Court's judgment in that case was appealed to the County Court at Law Number Three of Fort Bend County, Texas to be considered de novo. At trial the County Court entered judgment for Appellee. Appellant Jennie Larry Johnson then appealed that County Court's judgment to this Court.

In its brief Appellant argues that judgment was improperly awarded to FREO as it allegedly failed to properly send notice in accordance with Texas Property Code 24.005, the trial court improperly admitted Plaintiff's Exhibit 3 – the business records affidavit of Appellee which contained the Notice to Vacate and Demand for Possession sent by Appellee prior to filing suit, and the Trial Court lacked jurisdiction to determine the issue of possession.

## ISSUES PRESENTED

I. THE TRIAL COURT CORRECTLY GRANTED JUDGMENT ON FREO'S CLAIM FOR FORCIBLE DETAINER.

II. THE TRIAL COURT PROPERLY ADMITTED FREO'S EXHIBIT 3.

III. THE EVIDENCE PRESENTED BY FREO AT TRIAL WAS LEGALY SUFFICIENT TO ESTABLISH ITS CLAIM FOR FORCIBLE DETAINER.

IV. APPELLEE DEMONSTRATED TO THE COURT THAT IT SENT TO APPELLANT THE REQUISITE NOTICE TO VACATE AND DEMAND FOR POSSESSION

V. THE TRIAL COURT PROPERLY MAINTAINED JURISDICTION OVER THE MATTER DESPITE THE ALLEGED TITLE ISSUE AND PENDING SUIT CONTESTING TITLE TO THE SUBJECT PROPERTY.

## STATEMENT OF FACTS

On December 19, 2003, Jennie Larry Johnson executed a Deed of Trust to secure payment of a Note concerning the real property identified by street address as 1907 Doliver Circle, Missouri City, TX 77489 (the "Subject Property"). (C.R. 46-56). This Deed of was admitted into evidence at the January 28, 2015 trial on the merits as Plaintiff's Exhibit 2. (Id.). According to the Deed of Trust, in the event of default the lender may require immediate payment in full of all sums secured under the terms of the Note and may invoke the power of sale contained in the Deed of Trust and any other remedies permitted by law. (C.R. 52). Section 18 of the Deed of Trust then authorized the foreclosure sale of the subject property to the highest bidder and permitted purchase by the lender or its designee. *Id*. Paragraph 4 of Section 18 of said Deed of Trust also provides that:

> "If the property is sold pursuant to this Section 18, Borrower or any person holding possession of the Property through Borrower shall immediately surrender possession of the Property to the purchaser at that sale. If possession is not surrendered, Borrower or such person shall be a tenant at sufferance and may be removed by writ of possession." *Id*.

Appellant(s) defaulted under the terms of the Note subjecting the property to foreclosure proceedings. As evidenced by a Substitute Trustee's Deed, Appellee FREO Texas LLC ('FREO') acquired the Subject Property at the non-judicial foreclosure sale held on November 04, 2014. (C.R. 43). This Substitute Trustee's

10

Deed was admitted into evidence without objection at the January 28, 2015 trial on the merits as Plaintiff's Exhibit 1. (Id.).

On November 17, 2014, Appellee FREO, by and through its counsel of record, sent written notice to vacate and demand for possession of the Subject Property. (C.R. 59-64). This Notice to Vacate and Demand for Possession was admitted into evidence at the January 28, 2015 trial on the merits as Plaintiff's Exhibit 3. (C.R. 57-64).

On or around December 02, 2014 FREO filed suit for forcible detainer in the Justice of the Peace Court – Precinct 2, Place 1 of Fort Bend County, Texas. (C.R. 21-22). At the December 23, 2014 Justice Court trial the presiding judge granted judgment in favor of FREO. (C.R. 15). The Justice Court's judgment was then appealed to the County Court at Law of Fort Bend County, to be considered de novo. (C.R. 11-12).

On January 28, 2015 the honorable judge presiding over the County Court at Law No. 3 of Fort Bend County, Texas entered judgment in favor of FREO and awarded it possession of the Subject Property. (C.R. 65-66). Appellant appealed the County Court's judgment to this Court.

## ARGUMENT AND AUTHORITIES

I. THE TRIAL COURT CORRECTLY GRANTED JUDGMNET ON APPELLEE'S CLAIM FOR FORCIBLE DETAINER

### A. STANDARD OF REVIEW

Appellant appeals the County Court's award of possession in favor of Appellee arguing that there was insufficient evidence presented at trial establishing its right to possession of the Subject Property.

In the absence of findings of fact and conclusions of law — and there are none here — the Court should imply that the trial court found all material facts necessary to support the judgment that are supported by the evidence.[1] Moreover, because no reporter's record has been brought forward on appeal, the Court should presume that these implied findings by the trial court were indeed supported by sufficient evidence.[2]

Accordingly, the Court must presume that FREO presented sufficient evidence to establish its right to immediate possession of the Property as required

---

[1] *See Moncrief Oil Int'l, Inc. v. OAO Gazprom*, 414 S.W.3d 142, 150 (Tex. 2013).

[2] *Willms v. Americas Tire Co., Inc.*, 190 S.W.3d 796, 803 (Tex. App.-Dallas 2006, pet. denied); *see Bennett v. Cochran*, 96 S.W.3d 227, 229-30 (Tex. 2002) (per curiam) ("`The court of appeals was correct in holding that, absent a complete record on appeal, it must presume the omitted items supported the trial court's judgment.'" (quoting *Gallagher v. Fire Ins. Exch.*, 950 S.W.2d 370, 370-71 (Tex. 1997))).

to prevail in its action.[3]   Similarly, in the absence of a record, appellants cannot show any reversible error from any rulings admitting or excluding evidence,[4] any asserted defects in the foreclosure sale,[5] the existence of any asserted "title dispute,"[6] alleged "bias" by the trial court or "abuse" by opposing counsel,[7] or the denial of a continuance.[8]

---

[3] *See, e.g., Heckendorn v. First Mortg. Co.*, LLC, No. 13-12-00451-CV, 2013 WL 5593520, at *4-5 (Tex. App.-Corpus Christi July 29, 2013, no pet.) (mem. op.) (holding in absence of reporter's record, appellate court would presume evidence supported trial court's ruling in forcible detainer suit).

[4] *See, e.g., Perez v. Spring Branch Indep. Sch. Dist.,* No. 14-10-00058-CV, 2011 WL 742601, at *2-3 (Tex. App.-Houston [14th Dist.] Mar. 3, 2011, pet. denied) (mem. op.) (per curiam) (in absence of reporter's record, reviewing court had "no record of what . . . evidence at trial was," and therefore had "no basis to review" appellant's issues challenging the trial court's evidentiary rulings).

[5] *See, e.g., Jaimes v. Federal Nat'l Mortg. Ass'n*, No. 03-13-00290-CV, 2013 WL 7809741, at *3-4 (Tex. App.-Austin Dec. 4, 2013, no pet.) (mem. op.) (rejecting arguments premised on alleged defects in foreclosure proceedings where evidence in record provided trial court with independent basis to determine issue of immediate possession

[6] *See Yarto v. Gilliland*, 287 S.W.3d 83, 92 (Tex. App.-Corpus Christi 2009, no pet.) (holding that if party fails to present "`specific evidence to raise a genuine title dispute, the jurisdiction of the court [is] never at issue'" (quoting Falcon v. Ensignia, 976 S.W.2d 336, 338 (Tex. App.-Corpus Christi 1998, nopet.))).

[7] *See, e.g., Gall v. Allstate Cnty. Mut. Ins. Co.,* No. 09-99-00296-CV, 2000 WL 235148, at *1-2 (Tex. App.-Beaumont Mar. 2, 2000, no pet.) (not designated for publication) (holding that without reporter's record, court could not decide points of error related to alleged judicial bias and improper behavior on the part of opposing counsel).

[8] *See, e.g., Cantu v. Federal Nat'l Mortg. Ass'n*, No. 02-11-00293-CV, 2012 WL 955363, at *2-3 (Tex. App.-Fort Worth Mar. 22, 2012, no pet.) (mem. op.) (in absence of reporter's record, appellate court could not conclude trial court abused its discretion in denying motion for continuance in forcible detainer action).

When a party challenges the evidence supporting a finding upon which he did not bear the burden of proof, the appellate court will sustain the challenge if the evidence offered to support the finding is no more than a scintilla.[9] Evidence is no more than a scintilla if it is so weak that it does no more than create a surmise or suspicion of its existence.[10] In conducting its review, the appellate court considers the evidence in the light most favorable to the verdict, indulging every reasonable inference in support. *Id*.

Appellee submits that based upon the pleadings on file with the court, the stipulations of the parties, and the exhibits admitted into evidence at trial, that it established its right to immediate possession of the Subject Property as a matter of law. Appellee accordingly submits that the trial court did not err in awarding possession of the Subject Property to Appellee.

B.    NATURE OF A FORCIBLE DETAINER ACTIONS

A forcible detainer action is a special proceeding governed by Chapter 24 of the Texas Property Code and Rule 510 of the Texas Rules of Civil Procedure. Under Texas law, a tenant who refuses to surrender possession of the subject property on demand commits a forcible detainer.[11]

---

[9] *Smith v. KNC Optical, Inc.*, 296 S.W.3d 807, 811 (Tex.App.- Dallas 2009, no pet.).
[10] *Id*.
[11] Tex. Prop. Code Ann. § 24.002(a)(2).

A forcible detainer action is intended to be a speedy, simple, and inexpensive means for resolving the question of the right to immediate possession of premises. [12] The only issue in an action for forcible detainer is the right to actual possession, and the merits of title shall not be adjudicated. [13] Any defects in the foreclosure process or with appellee's title to the property may not be considered in a forcible detainer action. [14] Those defects may be pursued in suits for wrongful foreclosure or to set aside the substitute trustee's deed, but they are not relevant in a forcible detainer action. [15]

Even when a dispute as to title may exist, if the foreclosed upon Deed of Trust establishes a landlord-tenant relationship making Appellant a tenant at sufferance, this relationship provides an independent basis for determining the right to immediate possession without resolving the ultimate issue of title to the property. [16] A forcible detainer action is cumulative, not exclusive, of other remedies that a party may have, and the parties may concurrently pursue both a forcible detainer action in justice court and a suit to quiet title in district court. [17]

C.    THE BURDEN OF PROOF IN FORCIBLE DETAINER ACTIONS

---

[12] *Rice v Pinney*, 51 S.W.3rd 705, 709 (Tex.App.-Dallas 2001, pet.dism'd w.o.j.).
[13] Tex. R. Civ. P. 510.3(e).
[14] *U.S. Bank Nat'l Ass'n v. Freeney*, 266 S.W.3d 623, 625 (Tex.App.-Dallas 2008, no pet.).
[15] *Id.*
[16] *Dormandy v. Dinero Land & Cattle Co., L.C.*, 61 S.W.3d 555 (Tex.App.—San Antonio 2001, pet. dism'd w.o.j.).
[17] *Id.* at 559.

To prevail in a forcible detainer action, a plaintiff is not required to prove title, but is only required to show sufficient evidence of ownership to demonstrate a superior right to immediate possession.[18] To establish its claim for forcible detainer, Appellee herein had to prove: (1) it was the owner of the property in question, (2) Appellant was an occupant at the time of foreclosure, (3) the foreclosure was of a lien superior to Appellant's right to possession, (4) Appellee made a written demand for possession in accordance with section 24.005 of the property code, and (5) Appellant failed and/or refused to vacate.[19]

(i)     The Complaint

Texas Rule of Civil Procedure 510.3(a) requires that the complaint contain a description of the facts and the grounds for eviction.[20] In *Mitchell v. Citifinancial Mortgage Company*[21] this Court stated:

"The complaint in this case stated that Citifinancial, holder of the note for the Deed of Trust, executed its power of sale under the Deed of Trust and acquired the property. The complaint further stated that appellants were given notice to vacate the premises pursuant to the Texas Property Code and that they failed or refused to do so. These

---

[18] *Rice*, 51 S.W.3d at 709.

[19] *Rodriguez v. Citimortgage, Inc.,* No. 03–10–00093–CV, 2011 WL 182122, (Tex.App.-Austin Jan. 6, 2011, no pet.) (mem. op.).

[20] Tex. R. Civ. P. 510.3(a).

[21] *Mitchell v. Citifinancial Mortgage Company*, 192 S.W. 3rd 882, 883 (Tex.App.-Dallas   2006 no pet)

16

facts are sufficient to demonstrate Citifinancial's entitlement to possession of the property."

[22] The original petition for forcible detainer filed by Appellee AH4R makes the same allegations as Citifinancial's complaint, and establishes the same foundational facts as in the Mitchell and Powelson cases. (C.R. 21-22).

(ii) The Evidence Submitted

In *MERS v. Knight* (copy attached as Appendix B) the Beaumont Court of Appeals reviewed the evidence presented by the plaintiff in a post-foreclosure forcible detainer case and made the following observations:

"MERS further relied on three documents: (1) a certified copy of the deed of trust; (2) a certified copy of the substitute trustee's deed; and (3) a copy of the certified notice to vacate sent to Knight. First, the deed of trust signed by Knight established a landlord-tenant relationship between MERS and Knight. The deed of trust required Knight, or any person holding possession through her, to "immediately surrender possession of the Property to the purchaser at the foreclosure sale." The deed of trust further provided that failure to surrender possession would cause Knight, or anyone possessing through her, to become a "tenant at sufferance." Second, the

---

[22] *See also Powelson v. U.S. Bank National Association*, 125 S.W.3rd 810, 812 (Tex.App.-Dallas 2004, no pet.).

substitute trustee's deed established that MERS was entitled to possession of the property. The substitute trustee conveyed the property by deed to MERS after it purchased the property at the foreclosure sale. Finally, the notice to vacate provided proof of proper notice to KNIGHT that MERS required her to vacate the premises.[23]

Nothing in the record controverts the three legal documents. Thus, on this record, MERS established its entitlement to possession as a matter of law. We find the evidence is legally insufficient to support the award of possession to Knight and find that MERS established as a matter of law that it is legally entitled to possession of the premises. We find the county court erred in awarding possession to Knight. Accordingly, we reverse the court's judgment and render judgment that MERS is entitled to possession."[24]

Appellee submits that at trial the evidence considered by the county court in this case was essentially identical to the evidence introduced by MERS in the *Knight* case. To summarize, Appellee FREO demonstrated at trial its right to possession of the property as follows: (1) the substitute trustee's deed (C.R. 43-45)

---

[23] *See* Tex. Prop. Code Ann. Sections 24.002(b); 24.005.

[24] *Mortgage Electronic Registration Systems, Inc. v. Knight*, No. 09-04-452 CV, 2006 WL 510338, (Tex.App-Beaumont March 2, 2006, no pet.) (mem. op.).

18

evidencing the foreclosure sale of the Subject Property and subsequent conveyance to Appellee; (2) the deed of trust (C.R. 46-56) evidencing Appellant's status as a tenant at sufferance; and (3) the notice to vacate (C.R. 57-64) evidencing Appellee's notification to Appellant that it must vacate the property. This evidence is sufficient to demonstrate Appellee FREO's right to immediate possession of the Subject Property.[25] For these reasons, the trial court did not err in awarding possession of the Subject Property to Appellee FREO.

## II.     THE TRIAL COURT PROPERLY ADMITTED FREO'S EXHIBIT 3.

In its first issue presented Appellant asserts that the trial court committed error in admitting Plaintiff's Exhibits 3 into evidence. As an initial matter it should be noted that Appellant failed to request a reporter's record at trial.

In order to properly preserve a complaint for appellate review, there must be a reporter's record and that record must show that (1) the complaint was made to the trial court by a timely request, objection, or motion and (2) the trial court ruled on or refused to rule on the request, objection, or motion.[26] This rule applies equally to pro se litigants as it does to those represented by counsel.

---

[25] *Williams v. Bank of N.Y. Mellon*, 315 S.W.3d 925, 927 (Tex.App.-Dallas 2010, no pet.)

[26] Tex.R.App. P. 33.1(a).

"Pro se litigants," like Appellant, "are held to the same standards as licensed attorneys and must comply with all applicable laws and rules of procedure."[27]

FREO's Exhibit 3 was the Business Records Affidavit of Patti Henslee containing the Notice to Vacate and Demand for Possession sent to the Subject Property and dated November 17, 2014. (*See* C.R. 57-64). FREO offered the exhibit under the business records exception to the hearsay rule, which permits evidence which otherwise would be inadmissible to be admitted if it meets certain specific criteria.[28]

To be admissible under the business records exception to the hearsay rule, the proponent of the evidence must demonstrate: (1) the records were made and kept in the course of a regularly conducted business activity; (2) it was the regular practice of the business activity to create such records; (3) the records were created at or near the time of the event recorded; and (4) the records were created by a person with knowledge who was acting in the regular course of business.[29] These prerequisites to admissibility may be provided in the form of an affidavit by the

---

[27] *Hope's Fin. Mgmt. v. Chase Manhattan Mortg. Corp.,* 172 S.W.3d 105, 107 (Tex.App.-Dallas 2005, pet. denied).
[28] See TEX.R.EVID. 803(6).
[29] *Riddle v. Unifund CCR Partners*, 298 S.W.3d 780, 782 (Tex.App.-El Paso 2009, no pet.).

custodian of records, or other qualified witness who has personal knowledge of the information contained therein.[30]

In the business records affidavit containing the Notice to Vacate and Demand for Possession, Henslee averred that she was the custodian of those records. (C.R. 57-58). She further averred that she was providing the records as the custodian; that she had personal knowledge of the information contained in the records; that the records were made in the regular course of business; and that it was the regular practice of the business to keep such records. (Id.). The affidavit therefore substantially complies with Texas Rule of Evidence 902(10) by averring to facts that satisfy Rule 803(6).[31] The trial court did not abuse its discretion in admitting this evidence under the business records exception to the hearsay rule.

Because Appellant failed to preserve at this his complaint regarding the admissibility of Appellee's evidence and because the evidence submitted was properly authenticated and admissible, these issue(s) presented by Appellant must be dismissed by this Court.

III.  THE EVIDENCE PRESENTED BY PLAINTIFF AT TRIAL WAS LEGALY SUFFICIENT TO ESTABLISH ITS CLAIM FOR FORCIBLE DETAINER

---

[30] *See Duncan Dev., Inc. v. Haney*, 634 S.W.2d 811, 813–14 (Tex.1982).
[31] *See Rodriguez v. Citimortgage, Inc.,* No. 03–10–00093–CV, 2011 WL 182122, (Tex.App.-Austin Jan. 6, 2011, no pet.) (mem. op., not designated for publication).

21

Appellant agues the evidence present at trial by Appellee was insufficient to establish FREO's claim for forcible detainer. As previously outlined, to obtain possession by a forcible detainer action, the party seeking possession following a foreclosure sale must show: (a) a substitute trustee's deed that conveyed the property to it after a foreclosure sale; (b) a deed of trust establishing a landlord-tenant relationship; (c) the party gave proper notice to vacate the premises; and (d) the tenant refused to vacate.[32] At trial, appellee introduced, without objection, the following exhibits: (1) Substitute Trustee's Deed; (2) Deed of Trust; and (3) Affidavit of Attorney for Appellee with attached Notice to Vacate and signed certified mail green card.

The test for legal sufficiency is "whether the evidence at trial would enable reasonable and fair-minded people to reach the verdict under review."[33] In applying this test, the Court must view the evidence in the light most favorable to the challenged finding and indulge every reasonable inference that would support it.[34]

The Substitute Trustee's memorializes the sale of the Subject Property pursuant to the terms of a Deed of Trust and names FREO as Grantee. The Deed of Trust outlines Appellant's obligations as borrower and contains paragraph 18,

---

[32] *U.S. Bank Nat'l Ass'n v. Freeney*, 266 S.W.3d 623, 625 (Tex.App.-Dallas 2008, no pet.).
[33] *City of Keller v. Wilson,* 168 S.W.3d 802, 827 (Tex.2005).
[34] *Id.*

22

the tenant-at-sufferance clause, establishing a landlord-tenant relationship between Ramey and the purchaser at the foreclosure sale.

The affidavit of Patti Henslee provided a copy of a letter directed to Jennie Larry Johnson and/or All Occupants at the address of the Subject Property. The letter is entitled "Notice to Vacate." The Notice to Vacate, mailed via certified and regular mail, provides three-days' notice to vacate prior to FREO's filing a forcible detainer suit.

This evidence, viewed in the light most favorable to the judgment, is sufficient to show that appellee had a superior right to immediate possession of the subject property.[35] Appellant's issue must be overruled.

IV.     APPELLEE DEMONSTRATED TO THE COURT THAT IT SENT TO APPELLANT THE REQUISITE NOTICE TO VACATE AND DEMAND FOR POSSESSION

Johnson contends that FREO failed to establish the Notice to Vacate and Demand for Possession was delivered to Johnson or the premises. Ordinarily the basis for this contention is based upon a notice and corresponding track and confirm report that shows the certified mailer was returned. Here is it unclear why Johnson argues the Notice was not received, as the evidence submitted in

---

[35] *See* Rice, 51 S.W.3d at 709.

connection with FREO's Exhibit 3 contains the Green Card for the Notice that is signed by Johnson.

FREO asserts it provided the requisite three days' notice to vacate by certified and regular mail. In support, FREO attached the following exhibits: (1) the affidavit of Patti Henslee, custodian of records for the law office of FREO's attorney; (2) a copy of a letter dated November 17, 2014 addressed to Johnson "and/or All Current Occupants" of the subject property address and demanding he/they vacate the premises no later than three days after receipt of the letter; (3) a copy of the face of a certified-mail envelope with postage affixed; and (4) a copy of the signed green card including a signature from what appears to be the signed name "Jennie Johnson." (See C.R. 57-64).

When a letter, properly addressed and postage prepaid, is mailed, there exists a presumption that the notice was duly received by the addressee.[36] This presumption may be rebutted by an offer of proof of non-receipt. Id. In the absence of proof to the contrary, the presumption has the force of a rule of law.[37]

---

[36] *Thomas v. Ray*, 889 S.W.2d 237, 238 (Tex.1994).

[37] *Id*.; *see Kaldis v. U.S. Bank Nat'l Ass'n*, No. 14–11–00607–CV, 2012 WL 3229135, at 1, 3 (Tex.App.-Houston [14th Dist.] Aug. 9, 2012, pet. dism'd w.o.j.) (mem.op.) (holding, in forcible detainer action, that landlord established delivery of notice to vacate by proving that, although letters sent to tenant by certified mail were returned unclaimed, letters sent by first class mail were not, and trial court was free to disbelieve tenant's testimony during bench trial that he did not receive the first class letters); *Ramey v. Bank of New York*, No. 14–06–00824, 2010 WL 2853887, at 3 (Tex.App.-Houston [14th Dist.] July 22, 2010, no pet.) (mem.op.)

The letter constitutes a business record of the law firm, it was properly filed as evidence in the summary judgment proceeding, and it constitutes evidence that the notice to vacate was sent to Johnson by regular mail and certified mail on November 17, 2014.[38]

FREO established delivery of the notice to vacate because it provided evidence that the letter was sent to Johnson by certified and first class mail, there is evidence indicating Johnson signed for this Notice, and there was no controverting summary judgment evidence negating receipt of the first class letter. *See Ramey*, 2010 WL 2853887, at 3.

V.    THE TRIAL COURT PROPERLY MAINTAINED JURISDICTION OVER THE MATTER DESPITE THE ALLEGED TITLE ISSUES.

Appellant Johnson lastly appears to argue on appeal that the trial court lacked jurisdiction to enter judgment in the forcible detainer action due to an alleged title issue.

The jurisdiction of the county court at law, sitting as an appellate court over the judgment of a justice court, is confined to the jurisdictional limits of the justice

---

(holding landlord established delivery of notice to vacate because it proved letter was sent to tenant by certified and first class mail and there was no evidence negating receipt of the first class letter).

[38] *See Jimmerson v. Homecomings Financial L.L.C.*, No. 02–07–00305– CV, 2008 WL 2639757, at 2 n. 3 (Tex.App.-Fort Worth July 3, 2008, no pet.) (mem.op.) (top of notice to vacate stated "CERTIFIED MAIL, RETURN RECEIPT REQUESTED" and "FIRST CLASS REGULAR MAIL," which constituted evidence that the notice was mailed both by certified mail and regular mail).

court.[39]  A justice court or county court at law is not deprived of jurisdiction in a forcible detainer action merely because of the existence of a title dispute.[40]  Indeed, in most cases the right to immediate possession can be determined separately from the right to title.[41]  The trial court is deprived of jurisdiction only if the determination of the right to immediate possession necessarily requires the resolution of the title dispute.[42]

Where a foreclosure pursuant to a deed of trust establishes a landlord and tenant-at-sufferance relationship between the parties, the trial court has an independent basis to determine the issue of immediate possession without resolving the issue of title to the property.[43]

In this case, as stated above, the foreclosure pursuant to the deed of trust created a landlord and tenant-at-sufferance relationship between Appellant and FREO. Thus, it was not necessary for the trial court to resolve the title dispute to determine the right of immediate possession.

As evidenced by trustee foreclosure deed, FREO acquired the Property at a foreclosure sale on November 04, 2014. (C.R. 43-45).  Pursuant to the terms of the Deed of Trust, Johnson, or any person holding possession of the Property through

---

[39] *Villalon v. Bank One,* 176 S.W.3d 66, 69 (Tex.App.-Houston [1st Dist.] 2004, pet. denied).
[40] *See Id.* at 712.
[41] *Id.* at 710.
[42] *Id.* at 712.
[43] *Id.*

Johnson, became tenants at sufferance once the Property was sold at the foreclosure sale. (C.R. 45-55; Sec. 18, Par. 4).

The holding in *Villalon* and *Dormady* govern the outcome of this appeal. FREO made a showing that: (1) it is the owner of the property by virtue of a substitute trustee's deed; (2) Appellant is a tenant at sufferance; and (3) FREO has the superior right to immediate possession. Because the landlord-tenant relationship provides a basis for determining the right to immediate possession without resolving the ultimate issue of title to the property, the issues of title and possession are not necessarily intertwined, and the forcible detainer action could be prosecuted concurrently with the title dispute in district court. *See Bruce v. Fed. Nat'l Mortg Ass'*n, 352 S.W.3d 891, 893–94 (Tex.App.—Dallas 2011, pet. denied) (holding county court had jurisdiction where deed of trust contained a provision creating a landlord-tenant relationship in the event of a foreclosure sale).

## CONCLUSION

In this case Appellee submitted, and the court admitted, proper and sufficient evidence to demonstrate FREO's entitlement to immediate possession of the Subject Property. Appellee purchased the Subject Property at a foreclosure sale held pursuant to the terms of a Deed of Trust executed by Appellant. By way of his own written agreement Appellant is a tenant at sufferance and Appellee is entitled to obtain a prompt determination of its right to immediate possession of the

27

Subject Property by filing its suit for forcible detainer. Importantly, to prevail on its forcible detainer action Appellee was not required at trial to prove title, but was only required showing sufficient evidence of ownership to demonstrate a superior right to immediate possession. The trial court appropriately granted judgment in favor of Appellee on the grounds that Appellee had a lawful right to immediate passion of the subject property under Chapter 24 of the Texas Property Code and other relevant Texas law.

## **PRAYER**

For these reasons, Appellee FREO respectfully requests that this Honorable Court affirm the judgment of the trial court. Appellee also requests any other relief, at law or in equity, to which it may be entitled.

Respectfully Submitted,

JACK O'BOYLE & ASSOCIATES

*/s/ Travis H. Gray*

Travis H. Gray
SBN 24044965
P.O. Box 815369
Dallas, Texas 75381
Phone: 972.247.0653
Fax: 972.247.0642
travis@jackoboyle.com
Attorneys for Appellee
FREO Texas LLC, A Delaware
Limited Liability Company

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing has been served on the following counsel and/or pro se parties of record, in accordance with Texas Rule of Appellate Procedure 9.5, on the date shown.

Dated: September 14 2015

L. Mickele' Daniels
Arena Tower One, Suite 580
7322 Southwest Freeway
Houston, TX 77074
P: 713.995.4681
F: 713.995.4685
E: seminole85@peoplepc.com
Counsel for Appellant Jennie Larry Johnson

<u>/s/ Travis H. Gray</u>
Travis H. Gray

## CERTIFICATE OF COMPLIANCE

I certify that this document was produced using Microsoft Word 2010 and Adobe Acrobat X and contains 4,863 words, as determined by the computer's software word-count function, excluding the sections of the document listed in Texas Rules of Appellate Procedure 9.4(i)(1).

Dated:  September 14 2015

_/s/ Travis H. Gray_
Travis H. Gray

## **APPENDIX**

(A)   JUDGMENT OF POSSESSION

(B)   OPINION IN MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. V. KNIGHT

# Appendix
A

| | | |
|---|---|---|
| FREO TEXAS, LLC A DELAWARE LIMITED LIABILITY COMPANY | §<br>§<br>§ | IN THE COUNTY CIVIL COURT |
| V. | §<br>§ | AT LAW NUMBER THREE (3) |
| JENNIE LARRY JOHNSON and/or All Occupants of 1907 Doliver Circle Missouri City, Texas  77489 | §<br>§<br>§<br>§<br>§ | FORT BEND COUNTY, TEXAS |

## <u>FINAL JUDGMENT</u>

On the 27ᵗʰ day of January, 2015, came on to be heard the above-entitled and -numbered cause wherein FREO TEXAS, LLC A DELAWARE LIMITED LIABILITY COMPANY is the Plaintiff, and JENNIE LARRY JOHNSON and/or All Occupants of 1907 Doliver Circle, Missouri City, Fort Bend County, Texas 77489, are the Defendants.

The Plaintiffs appeared by their local counsel William D. Kee, III, Attorney at Law, and announced ready for trial.

_____ ~~The Defendant failed to appear; OR~~

✓ The Defendant appeared in person and announced ready for trial; **OR**

_____ ~~The Defendant appeared in person~~ and through attorney, _____ ,

~~and announced ready for trial.~~

The Court finds that notice of trial setting was served on Defendant in accordance with Rule 21a.

Citation was served according to law and returned to the clerk where it remained on file for the time required by law. The Court, having read the pleadings and the papers on file, and having heard the evidence presented, is of the opinion that the allegations of the Plaintiffs' petition are true and that Plaintiff is entitled to a judgment for possession.

**IT IS THEREFORE, ORDERED, ADJUDGED, AND DECREED** that Plaintiff, FREO TEXAS, LLC A DELAWARE LIMITED LIABILITY COMPANY, is awarded judgment against Defendants, JENNIE LARRY JOHNSON and/or All Occupants, for possession of the property located at 1907 Doliver Circle, Missouri City, Fort Bend County, Texas 77489, and that a Writ of Possession issue to the proper officer commanding him to seize possession of said premises and deliver same to Plaintiff after said Writ of Possession has been duly filed by Plaintiff if Defendants have not vacated the herein described premises by ___February 15___, 2015.

**IT IS FURTHER ORDERED** that the supersedeas bond is hereby set in the amount of $___10,200.00___ and shall be in the form of cash, cashier's check or corporate surety licensed by and authorized to do business in the State of Texas for such purposes.

All costs of court are hereby taxed against the party by whom incurred, for all of which let execution issue.

Plaintiff is allowed such writs and processes as may be necessary in the enforcement and collection of this judgment.

All relief not expressly granted herein is denied.

Signed this ___28___ day of ___Jan___, 2015.

_____
Honorable Presiding Judge
R. Everett Kennedy

FILED FOR RECORD
NO_____ TIME _____ A.M. P.M.
JAN 28 2015   VOID
Laura Richard
County Clerk Fort Bend Co. Texas

FILED FOR RECORD
NO_____ TIME _____ A.M. P.M.
JAN 28 2015   VOID
Laura Richard
County Clerk Fort Bend Co. Texas

66

# Appendix B

2006 WL 510338
Only the Westlaw citation is currently available.

SEE TX R RAP RULE 47.2 FOR
DESIGNATION AND SIGNING OF OPINIONS.

**MEMORANDUM OPINION**
Court of Appeals of Texas,
Beaumont.

MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC., Appellant
v.
Lorie H. KNIGHT, Appellee.

No. 09-04-452 CV. | Submitted Oct.
10, 2005. | Decided March 2, 2006.
| Rehearing Overruled April 20, 2006.

On Appeal from the County Court at Law No. 2, Montgomery County, Texas, Trial Cause No. 04-18,044; Jerry Winfree, Judge.

**Attorneys and Law Firms**

Thomas D. Pruyn, Brown & Shapiro, LLP, Pasadena, for appellant.

William H. Piper, Boyd, Munoz & Piper, Conroe, for appellee.

Before McKEITHEN, C.J., KREGER, and HORTON, JJ.

**MEMORANDUM OPINION**

HOLLIS HORTON, Justice.

**\*1** This appeal arises from a forcible detainer action initiated in justice court by a lender. The justice court determined that the lender, who had foreclosed on real property pursuant to a deed of trust, was entitled to possession of the property. The borrower appealed to county court, which found that the borrower was entitled to possession. The lender brings this appeal. We reverse and render judgment in favor of the lender.

**Background**

The events pertinent to this appeal began with Lorie H. Knight's purchase of real property in Montgomery County, Texas. Knight purchased the property with the proceeds of a loan from Mortgage Electronic Registration Systems, Inc. ("MERS"), and she secured her loan with a deed of trust. Knight defaulted on the loan and MERS foreclosed as allowed by the deed of trust. After purchasing the property at the substitute trustee's sale, MERS sent Knight written notice to vacate the premises, but Knight failed to do so.

Subsequently, MERS sued Knight and all occupants, seeking possession of the premises. The justice court entered a default judgment against Knight and "all occupants" and awarded possession of the premises to MERS. Knight appealed the judgment to the county court at law and it awarded possession of the premises to her. [1]

[1] No appeal was brought by any occupants other than Knight.

On appeal from the judgment in county court, MERS brings two issues. We begin our review with the second issue as its resolution is determinative of this appeal. The second issue attacks the legal and factual sufficiency of the evidence supporting the county court's judgment in Knight's favor. As Knight did not file an appellate brief, we have no response opposing issue two's arguments.

**Forcible Detainer**

"A forcible detainer action is a special proceeding governed by particular statutes and rules." *Rice v. Pinney,* 51 S.W.3d 705, 709 (Tex.App.-Dallas 2001, no pet.). The proceeding exists "to provide a speedy, simple, and inexpensive means for resolving the question of the right to possession of premises." *Id.* The Texas Property Code allows forcible detainer actions against persons (often tenants) who refuse to surrender possession of real property when demanded to do so by one entitled to possession. See Tex. Prop.Code Ann. §§ 24.002, 24.0051, 24.0061 (Vernon 2000 & Supp.2005).

Our procedural rules highlight the action's limited purpose; Rule 746 provides that the "only issue" in a forcible detainer action is "the right to actual possession; and the merits of the title shall not be adjudicated." Tex.R. Civ. P. 746. Thus, the sole question for the trial court is who has the right to immediate possession of the property. *See Villalon v. Bank One,* 176 S.W.3d 66, 70 (Tex.App.-Houston [1st

Dist.] 2004, pet. denied); *Ward v. Malone,* 115 S.W.3d 267, 270 (Tex.App.-Corpus Christi 2003, pet. denied); *Dormady v. Dinero Land & Cattle Co.,* L.C., 61 S.W.3d 555, 557 (Tex.App.-San Antonio 2001, pet. dism'd w.o.j.).

In a forcible detainer action, the law requires the plaintiff to introduce sufficient evidence of ownership to show a superior right to immediate possession; the plaintiff, however, does not have to prove that he holds title to the property. *See Rice,* 51 S.W.3d at 709. For example, a superior right to possession may occur in the context of a landlord-tenant relationship arising after a foreclosure sale under a deed of trust. *See Villalon,* 176 S.W.3d at 71. A deed of trust may establish a landlord-tenant relationship between the buyer at foreclosure and the current possessor of the property, as it does here. *See id.* Though the possessor may question the validity of a foreclosure sale and the quality of the buyer's title, the court hearing a forcible detainer action retains the power to decide which of the parties is entitled to the immediate right of possession. *Id.*

**\*2** An exception to the court's forcible detainer jurisdiction may occur, however, when the title issue is "so intertwined" with the possession issue that "possession may not be adjudicated without first determining title." *Dormady,* 61 S.W.3d at 557. Still, this exception to the justice court's jurisdiction occurs "only when the justice or county court must determine title issues...." *Rice,* 51 S.W.3d at 713. [2]

[2] As shown below, the Rice Court collected cases illustrating when the necessity of determining title deprives the justice or county court of jurisdiction in a forcible detainer action:
*See, e.g., Guyer v. Rose,* 601 S.W.2d 205, 205-206 (Tex.Civ.App.-Dallas 1980, writ ref'd n.r.e.) (enjoinder of forcible detainer suit proper when right to possession depended on compliance with contract for sale); *Gentry v. Marburger,* 596 S.W.2d 201, 203 (Tex.Civ.App.-Houston [1st Dist.] 1980, writ ref'd n.r.e.) (justice court without jurisdiction when possession based on assertion of life estate or adverse possession because "title to premises was directly involved"); *Rodriguez [v. Sullivan],* 484 S.W.2d [592,] 593 [ (Tex.Civ.App.-El Paso 1972, no writ) ] (justice court judgment void when possession depended on construction of real estate "purchase-sale contract"); *Dent v. Pines,* 394 S.W.2d 266, 268-69 (Tex.Civ.App.-Houston [1st Dist.] 1965, no writ) (justice court without jurisdiction when possession required resolution of claims under competing wills

and intestacy statutes because "title necessarily involved"); *[American Spiritualist Ass'n v.] Ravkind,* 313 S.W.2d [121,] 125 [ (Tex.Civ.App.-Dallas 1958, writ ref'd n.r.e.) ] (no jurisdiction when right to possession depended on disputed compliance with "contract to purchase").
*Rice,* 51 S.W.3d at 713.

A forcible detainer action is not an exclusive remedy and is cumulative of other remedies. *Scott v. Hewitt,* 127 Tex. 31, 90 S.W.2d 816, 818-19 (1936); *Villalon,* 176 S.W.3d at 70. A party who loses possession in a detainer action may sue in the district court to decide who has legal title to the property. *Scott,* 90 S.W.2d at 818; *Villalon,* 176 S.W.3d at 70. Also, a party may bring a separate detainer action in justice court and prosecute it concurrently with a suit to try title pending in district court. *Villalon,* 176 S.W.3d at 70-71.

### Standard of Review

When reviewing the legal sufficiency of the evidence, we "view the evidence in the light most favorable to the verdict, crediting favorable evidence if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not." *City of Keller v. Wilson,* 168 S.W.3d 802, 807 (Tex.2005). Legally insufficient evidence or "no evidence" of a vital fact exists when (a) the record contains a complete absence of evidence of a vital fact; (b) rules of law or rules of evidence bar the court from giving weight to the only evidence offered to prove a vital fact; (c) the evidence offered to prove a vital fact is no more than a mere scintilla; or (d) the evidence conclusively establishes the opposite of the vital fact. *See Merrell Dow Pharms., Inc. v. Havner,* 953 S.W.2d 706, 711 (Tex.1997). If someone attacks the legal sufficiency of an adverse finding on an issue for which he has the burden of proof, and if there is no evidence to support the finding, we review all the evidence to decide whether the record shows that the party attacking the finding established the contrary proposition as a matter of law. *See Dow Chem. Co. v. Francis,* 46 S.W.3d 237, 241 (Tex.2001).

The county court did not issue any findings of fact or conclusions of law regarding its determination that Knight was entitled to possess the property. Thus, we infer all necessary facts to support the trial court's ruling if the evidence supports the inferred facts. *BMC Software Belgium, N.V. v. Marchand,* 83 S.W.3d 789, 795 (Tex.2002). However, if "the appellate record includes the reporter's and clerk's records, these implied findings are not conclusive and may be

challenged for legal and factual sufficiency in the appropriate appellate court." *Id.*

After admitting documentary evidence and hearing counsels' arguments, the county court determined that Knight was entitled to possession. In support of her request for possession, Knight offered only one document-a certified copy of a petition filed in district court by many home-buyer plaintiffs, including Knight, against many mortgage-lender defendants. However, the named defendants did not include MERS. At the hearing, Knight's attorney asserted that MERS was "being served now," but did not offer a copy of the citation the court issued against MERS.

 **\*3** The county court admitted the certified plaintiffs' petition as proof that there was "a lawsuit pending in District Court on the legality of the foreclosure." Knight's attorney argued that entitlement to possession involves "title." During the trial, Knight's attorney asked the court "to enforce the law which says that this Court has no subject matter [ ] jurisdiction pending the outcome of that other trial, and [ ] therefore to abate the proceeding until that time."

After hearing arguments from both sides, the court stated that in similar cases, it granted requests to abate cases pending resolution by the district court of the title question and would do so here unless MERS "chooses that I find in favor of the Defendant." The court informed MERS that it could either acquiesce in the court's abatement of the detainer action, pending resolution of the district court case, or suffer an award by the court of possession to Knight so that MERS could appeal. MERS asked for twenty-four hours to decide. The record shows that the court ultimately awarded possession to Knight.

While plaintiffs' allegations in the district court case included one of wrongful foreclosure,[3] Knight's pending wrongful foreclosure suit does not deprive the county court of jurisdiction. *See Villalon,* 176 S.W.3d at 71. To affect the county court's jurisdiction of the detainer action under these circumstances, the district court lawsuit must involve a question of title "so intertwined with the issue of possession" that the county court could not determine possession without first determining title. *Dormady,* 61 S.W.3d at 557. MERS's forcible detainer action does not necessarily require a determination of title. Here, as in Villalon, a landlord-tenant relationship resulting from the foreclosure sale arose between MERS and Knight. Because MERS and Knight had a landlord-tenant relationship, the

county court had jurisdiction to decide whether MERS was entitled to "immediate possession" without also determining whether MERS wrongfully foreclosed against Knight, an issue directly related to property title. *See id.* Even if MERS prevailed on its forcible detainer action, Knight retains the right to pursue a wrongful foreclosure action in district court. *See id.* at 558.

[3]     Other allegations included deceptive trade practices, common law fraud, negligence, and usury.

We find that a reasonable fact-finder could not resolve the disputed issues of fact in Knight's favor based solely on the certified copy of the plaintiffs' petition. The evidence offered by Knight does not show that the court lacked jurisdiction in MERS's forcible detainer action against Knight. Further, we have reviewed the clerk's and reporter's records and find no evidence that would support the award of possession to Knight.

Next, we review all of the evidence to decide whether MERS established the contrary proposition-that it is entitled to possession-as a matter of law. *See Francis,* 46 S.W.3d at 241. For MERS to prevail and obtain possession in its forcible detainer action against Knight, the law requires MERS to show that: (1) the substitute trustee conveyed the property by deed to MERS after the foreclosure sale; (2) the deed of trust signed by Knight established a landlord-tenant relationship between MERS and Knight; (3) MERS gave proper notice to Knight that it required her to vacate the premises; and (4) Knight refused to vacate the premises. Tex. Prop.Code Ann. §§ 24.002(a)(2), 24.002(b), 24.005 (Vernon 2000); *see Villalon,* 176 S.W.3d at 71; *Dormady,* 61 S.W.3d at 558.

 **\*4** As no witnesses testified for either party, the evidence supporting MERS's position consists of the attorneys' stipulations and certain documents that the court admitted into evidence as well. The stipulation of Knight's attorney provided evidence of Knight's possession of the property and her refusal to vacate. Counsel agreed that Knight bought the property, was a homeowner there, and still occupied the premises.[4]

[4]     During the proceedings, the court requested that the attorneys listen "carefully" to its recitation of facts and determine if the parties could stipulate to those facts. The court stated:

   Defendant homeowner bought a lot, financed the purchase with a loan from the Plaintiff. Plaintiff probably signed a deed of trust or a mortgage or

something .... The ... Defendant homeowner probably defaulted in their payments. The Plaintiff foreclosed their deed of trust, their mortgage. The Defendant homeowner then filed a lawsuit in District Court, which is still pending, challenging the legality of the foreclosure. And the Defendant still occupies the premises. (Emphasis added.)

Knight's attorney agreed that the trial court correctly stated the facts and MERS's attorney agreed that the trial court had not omitted any facts.

MERS further relied on three documents: (1) a certified copy of the deed of trust; (2) a certified copy of the substitute trustee's deed; and (3) a copy of the certified notice to vacate sent to Knight. First, the deed of trust signed by Knight established a landlord-tenant relationship between MERS and Knight. The deed of trust required Knight, or any person holding possession through her, to "immediately surrender possession of the Property to the purchaser at [the foreclosure] sale." The deed of trust further provided that failure to surrender possession would cause Knight, or anyone possessing through her, to become a "tenant at sufferance." Second, the substitute trustee's deed established that MERS was entitled to possession of the property. The substitute trustee conveyed the property by deed to MERS after it purchased the property at the foreclosure sale. Finally, the notice to vacate provided proof of proper notice to Knight that MERS required her to vacate the premises. See Tex. Prop.Code Ann. §§ 24.002(b); 24.005 (Vernon 2000). Nothing in the record controverts these three legal documents. Thus, on this record, MERS established its entitlement to possession as a matter of law.

We find the evidence is legally insufficient to support the award of possession to Knight and find that MERS established as a matter of law that it is legally entitled to possession of the premises. We find the county court erred in awarding possession to Knight. Accordingly, we reverse the court's judgment and render judgment that MERS is entitled to possession.

REVERSED AND RENDERED.

**End of Document**

© 2015 Thomson Reuters. No claim to original U.S. Government Works.